## JOE DOMICH v. OLIVER IRON MINING COMPANY.[1]

November 4, 1927.

No. 26,264.

**Grant or denial of new hearing rests in discretion of industrial commission.**
Granting or denying a new hearing in a compensation case rests in the discretion of the industrial commission. No abuse of discretion in denying the application in this case.

Workmen's Compensation Acts—C..J. p. 117 n. 58 New.

Certiorari to review an order of the industrial commission denying an application for rehearing of relator's claim for compensation. Affirmed.

*Nelson & Cedergren* and *Toivonen & Harri,* for relator.
*Dennis F. Donovan,* for respondent.

TAYLOR, C.

Certiorari to review an order of the industrial commission denying an application for a rehearing on the claim of Joe Domich for compensation under the workmen's compensation law.

Granting a rehearing or new hearing rests in the discretion of the commission, and its action is final unless an abuse of discretion clearly appears. Stippel v. Charles Friend & Son, 161 Minn. 471, 201 N. W. 934; Zeglin v. Yost, 163 Minn. 264, 203 N. W. 963; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Smith v. Independent Silo Co. 169 Minn. 96, 210 N. W. 624; Kallgren v. C. W. Lunquist Co. supra, p. 489.

Domich was a miner working in an underground mine of defendant. At the close of work on August 28, 1923, Domich and other miners were carried to the surface in a cage on wheels which was drawn along an inclined shaft. They were in darkness on the way out and no one seems to know what happened, but Domich's head and right shoulder came in contact with something with such force

[1]Reported in 216 N. W. 227.

that he was thrown to the floor of the cage and rendered unconscious for a few minutes. In May, 1924, he made a claim for compensation which was heard before a referee on July 29, 1924. Further testimony was taken on September 23 and 25, 1924. The referee awarded compensation for temporary disability from August 28, 1923, to November 5, 1923, and found that Domich had fully recovered from his injuries on the latter date.

In March, 1926, Domich was adjudged insane and committed to the hospital for the insane at Fergus Falls. Thereafter his wife made this application to set aside the award and for a new hearing, claiming that the injury had affected her husband's brain and that his insanity resulted therefrom. She presented affidavits of his friends and associates to the effect that before the accident he had been unusually strong, vigorous, cheerful and sociable; and that after the accident he lost strength and weight, and became weak, dull, sullen, irritable and given to delusions. She also presented an affidavit of the doctor attending him at the hospital at Fergus Falls, who stated that Domich was suffering from a chronic syphilitic infection and from a mental disease known as general paresis which in the doctor's opinion was due to the syphilitic infection. This doctor makes no reference to the accident or the injuries sustained therein. She also presented the affidavit of another doctor who, so far as appears, had never seen Domich, but who says that he has read the transcript of the testimony in the case and has examined the affidavits submitted and from the information thus obtained is of opinion that Domich at the time of the accident was suffering from latent syphilis and that "an exacerbation of his syphilitic infection resulted" from the accident which in turn led to the insanity. The matters above recited constitute the showing for a new hearing.

The original hearing was not concluded until more than a year after the accident, and Domich's condition as shown by the affidavits above mentioned was known and considered at that time. He insisted that he was still disabled as a result of the injury. That he was far from normal was apparent, but whether his condition re-

sulted from the injury or from other causes was the question. One of the doctors who attended him for the injury and had observed him thereafter stated that Domich exhibited "a very high degree of neurosis, close to psychosis;" that in his opinion this condition resulted from an infection; and that Domich had diseased teeth and tonsils which might have caused the infection. The referee appointed a neutral physician to make an examination of Domich. This doctor seems to have made a very thorough and complete examination. He testified that Domich was suffering from syphilis; that the condition of Domich indicated the beginning of locomotor ataxia brought about by syphilitic infection; and that the ailments of which Domich complained were all accounted for by the infection and in his opinion were not referable to the injury. He also stated that the condition of Domich would grow progressively worse and would develop irrespective of the injury. The referee, after finding that Domich had fully recovered from the effects of his accidental injuries, on November 5, 1923, further found:

"That whatever disability said employe has suffered from since said date is in no way connected with or due to said accidental injuries or caused by or aggravated by his employment and are due to causes foreign thereto and in the nature of disease."

There was no appeal from the referee's decision. We find no ground for questioning the action of the commission in denying a new hearing. There was no abuse of discretion, and the order is affirmed.