## ORAL A. KIRTLAND v. STATE DEPARTMENT OF HEALTH, DIVISION OF HOTEL INSPECTION.[1]

March 21, 1941.

No. 32,565.

*Herbert E. Olson,* for relator.

*R. A. Woychik,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission refusing additional compensation to relator for disability arising from a compensable injury suffered by him while in the employ of the state as a hotel inspector.

May 29, 1938, relator, in an automobile accident, suffered the injury in question. The testimony of the attending physician, the relator, and the latter's wife concerning the nature, treatment for, and results of that injury is without contradiction. Nor can we find therein any intrinsic weakness subjecting it to repudiation. The accident resulted in a "crushing injury of the right side of his chest." (That is the testimony of the attending physician.) Relator was immediately hospitalized. He was "in acute distress and had a large abrasion over the anterior upper part of his right chest over the second, third, fourth, fifth, and sixth ribs, * * *

[1]Reported in 297 N. W. 23.

he spit up bright red blood." That symptom indicated that "the lung tissue itself had been injured." X-ray "showed that the third, fourth, and fifth ribs had been fractured, with a possibility also of the first and second ribs." Relator remained in the hospital about two weeks. He left against the advice of his physician because "he was anxious to cut down the expense and thought he would be just as well at home."

Relator was a railroad man and while in state employ endeavored with apparent success to get in enough railroad time to preserve his seniority rights. Until long after his accident and most of the determinative events, relator did not know that he had any right to compensation. Under that mistaken notion, he resigned his state position as of July 16, 1938. As early as June 28, he had attempted to resume work as hotel inspector but found himself unable to carry on. He then attempted to return to his railroad work as freight conductor. He could not do a full-time job there.

After his supposed recovery, relator had much medical attention. In June, 1939, he spent a fortnight in the Northern Pacific Hospital in St. Paul. Dr. Garlock, who first attended him, stated that in his opinion total disability was a period of "six or eight months" after his injury and that "better than 50 per cent" partial disability continued "up to practically the present time." The result of the relator's examination and treatment at the Northern Pacific Hospital in June, 1939, is not reflected, as it should have been, in the record.

In short, the record as it stands now, justifies no conclusion other than that relator is entitled to additional compensation. We find no ground upon which it could reasonably have been terminated as of June 28—just 30 days after the serious injury. So the order must be vacated and the case remanded for rehearing upon the present record and such additional evidence as may be received. It will be for the industrial commission to determine what and how much the additional compensation should be—whether in part for total and in part for partial disability or all

for the latter. Unless new evidence changes the picture against relator, he should have additional compensation.

The order will be vacated and the case remanded for rehearing agreeable hereto with an allowance to relator of $75 on account of attorney's fees.

So ordered.