AGNES GUSTAFSON v. ZIESMER & VORLANDER, INC. AND ANOTHER.[1]

November 20, 1942.

No. 33,181.

[1]Reported in 6 N. W. (2d) 452.

*Reynolds & McLeod,* for relators.
*David J. Erickson* and *William D. Gunn,* for respondent.

HILTON, JUSTICE.

*Certiorari* to review an order of the industrial commission.

Carl Gustafson filed a petition with the industrial commission demanding compensation and benefits against defendants on account of disability allegedly resulting from lead poisoning contracted in his work with his employer. On hearing before a referee his claim was disallowed. The referee specifically found that the employe did not sustain an accidental injury resulting from lead poisoning. The employe died before an appeal could be fully perfected, though his attorney attempted a belated appeal, which was dismissed for failure to file the notice of appeal within 30 days following the filing and serving of the referee's decision. Later the widow of the deceased employe filed her petition with the commission, claiming compensation and benefits against the employer on substantially the same grounds as those of her husband. Answer by defendants denied the allegations of accidental

injury and claimed the adverse determination of employe's action as a bar to the claim of the widow. The latter objection was heard separately upon motion before the referee, and defendants' motion that the petition of the widow be dismissed was denied. On appeal to the commission, the decision of the referee was affirmed. It is this order which the employer and its insurer seek to review.

The relationship between the action of the employe and that of his dependents after his death was fully discussed in Nyberg v. Little Falls Black Granite Co. 202 Minn. 86, 93, 277 N. W. 536, 539, where this court said:

"The right of the employe to compensation arises at the time of injury and belongs to him alone. The right of the dependents to compensation arises at the time of the employe's death and is a separate and distinct right belonging to them. State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661. The employe, during his lifetime, cannot deprive his dependents of their rights by a settlement made with the employer. Lewis v. Connolly Contracting Co. 196 Minn. 108, 264 N. W. 581. Thus the act has created two distinct rights, one in the employe and the other in his dependents.

"There is, however, a distinction between the *existence* of these rights and *proceedings* to enforce them. The purpose of the act was not only the creation of rights, but also to provide for their speedy and inexpensive determination and enforcement. The importance of avoiding the delay and expense of normal litigation was realized. This accounts for the creation of a procedure applicable only to proceedings under the act, and for the provision of an administrative body with broad powers necessary to effectuate its purposes. To hold that it contemplates separate proceedings by the employe and his dependents would be so contrary to these purposes that such a result is not to be reached unless it was clearly intended. A requirement of so needless a procedure as the commencement of separate proceedings by dependents, with the resulting additional inconvenience, delay, and expense, and the

relitigation of matters already settled between the employer and employe would be hard to justify."

Here the widow had the right to have her name substituted for that of her deceased husband in the proceeding started by him. This is in accord with the principles of the Nyberg case, *i. e.,* that there shall be only one proceeding though there are two separate grounds for compensation. In that case the employe was in the process of claiming additional compensation when he died. Upon his death his widow moved to be substituted in his place as petitioner and asked for permission to litigate her dependency claim in addition to the claim of her husband for the compensation to which he was entitled during his life. The motion was granted. We hold that this is, in effect, what the widow here accomplished notwithstanding the form of her petition. The words of Mr. Justice Stone in Glassman v. Radtke, 177 Minn. 555, 558, 225 N. W. 889, 890, are applicable here:

"The absence of an appropriate label on the petition for the rehearing is not important. 'Technical or formal rules of pleading or procedure,' other than those of the statute itself, are not binding upon the industrial commission. G. S. 1923 (1 Mason, 1927) § 4313 [now Minn. St. 1941, § 176.54]. It is not what the parties or the commission may call a proceeding but what it is that determines its status."

The commission not only allowed Mrs. Gustafson to substitute her name for that of her deceased husband but also ordered "that said matter be referred back to said referee to hear and receive such further competent testimony as the parties in the above entitled matter may adduce, and that he use such further testimony, in connection with the testimony heretofore taken by him in the above entitled matter." Thus a rehearing was granted.

The power to grant a rehearing is statutory. Minn. St. 1941, § 176.60 (Mason St. 1927, § 4319). We have often held that granting a rehearing or a new hearing rests in the discretion of the commission, and its action is final unless an abuse of discretion

clearly appears. Domich v. Oliver I. Min. Co. 172 Minn. 521, 216 N. W. 227, and cases cited. No abuse of this discretionary power appears in this proceeding.

Thus construing the proceedings in this case, there is no need for a discussion of the doctrine of *res adjudicata* so ably discussed by counsel for both parties in their respective briefs.

Respondent is allowed $100 attorney's fees in this court.

Affirmed.

