# HENRY BOMERSINE v. ARMOUR & COMPANY.[1]

December 12, 1947.

No. 34,426.

[1]Reported in 30 N. W. (2d) 526.

*Frank E. McAllister* and *Irving Christianson,* for relator.
*G. P. Mahoney* and *John S. Morrison,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari to the industrial commission to review its order of December 13, 1946, denying relator's petition to reopen an award of the commission dated October 26, 1944, upon the ground of mutual mistake, inadvertence, and changed conditions, and for a rehearing to determine the extent of relator's permanent disability.

On August 19, 1943, relator, while in the employ of respondent, Armour & Company, suffered an accidental injury arising out of and in the course of his employment when a loaded meat truck ran him down and injured his back. He was paid compensation for 16 weeks and medical expenses in the sum of $101.

On April 3, 1944, respondent filed notice of discontinuance of compensation payments as provided in M. S. A. 176.34. During the latter part of May 1944, as appears from the statement filed by Dr. Harold R. Tregilgas, his reports on X rays were presented to the commission showing that relator had an acute angulation of the lower spine and indicating that a spinal fusion was necessary to

correct such disability. On July 9, 1944, upon instructions from respondent, a fusion operation was performed on relator's spine in an effort to remedy this disability.

On October 23, 1944, relator's petition for additional compensation was heard by a referee appointed by the commission. At that time numerous medical reports were submitted by relator and respondent, and a stipulation executed by both parties was presented by their respective attorneys as the basis for a settlement and an award by the commission. Therein it was agreed, and the commission thereafter determined, that an additional $1,500 should be paid by respondent to cover relator's expenses and additional compensation as follows: Medical expenses, $664.40; attorneys' fees, $375; compensation, $460.60. This stipulation set forth that—

"it is the claim of the employe that by reason of said accident he became disabled and unable to perform any work on December 12, 1943, and that he has ever since been so disabled and will be in the future, and will have some permanent disability as result of said accident."

At the hearing relator testified as follows:

"Q. [By referee] You understand the settlement that has been read into the record?

"A. Yes.

"Q. And by that settlement you are to receive a lump sum of $1,500.00?

"A. Yes.

"Q. And out of that $1,500.00 the insurance company will issue checks direct to Dr. Chatterton for $31.00; St. Joseph's Hospital, $174.40; Dr. H. R. Tregilgas, $459.00, and for Helstein, Hall & Enkel, $375.00, and the balance of $460.60 direct to you?

"A. Yes.

"Q. And you understand this is a full and final settlement of your claim, as the issues now present themselves?

"A. Yes.

"Q. And are you satisfied with that settlement?

"A. Yes."

Thereafter, the award as above described was made by the commission.'

On July 15, 1946, relator filed his petition to reopen this award on the ground that his disability from the accident still continued. The statement of his physician, attached to said petition, set forth that X rays taken in April 1946 indicated that good results had followed the fusion operation, but that nevertheless, since the award and settlement made on October 23, 1944, relator had been unable to do heavy work and was required to wear a back support when doing anything but light work; that at the time of such petition for reopening relator's back still bothered him when he sat in any one position for any length of time; and that in the opinion of the physician relator would have a 30 to 50 percent permanent disability of his back as the result of the accident.

Upon this additional showing, the commission denied relator's petition to reopen the case and award additional compensation. We are asked to reverse its action in this respect.

■ M. S. A. 176.60 provides:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the supreme court, the commission may, for cause, upon application of either party and not less than five days' notice in writing to all interested parties, set the award aside and grant a new hearing * * *."

. In construing this statute, we have held that the setting aside of an award and the granting of a new hearing under § 176.60 must be "for cause"; and that the commission's determination in this respect is final unless an abuse of discretion clearly appears. See, Domich v. Oliver I. Min. Co. 172 Minn. 521, 216 N. W. 227; Gustafson v. Ziesmer & Vorlander, Inc. 213 Minn. 253, 6 N. W. (2d) 452.

As stated in Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. (2d) 499, 501:

"* * * That [§ 176.60] means for good cause; that is, some such cause as fraud or surprise so that, in the exercise of sound judicial discretion, the award should be vacated and a new hearing had. * * * It was not the purpose of § 4319 [§ 176.60] to permit repeated litigation of such issues as are susceptible of best and final decision in the initial hearing, but to permit adjustment of the award in relation to facts subsequently appearing so as 'to assure a compensation proportionate to the degree and duration of disability.' "

■ We have likewise held that it is within the discretion of the commission to reopen an award for cause, even though such award be based upon a stipulation for final settlement executed by the parties, as in the instant case. See, Leland v. St. Olaf Lutheran Church, 213 Minn. 34, 4 N. W. (2d) 769; Ronstadt v. Minor, 152 Minn. 10, 187 N. W. 703; Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765.

■ As to what constitutes "cause" sufficient to justify the vacation of an award by the commission under § 176.60 without abuse of discretion, we have held that the commission has not abused its discretion in vacating an award where it is demonstrated that the original award was based upon fraud, concealment, deceit, or surprise in connection with the making thereof; or where it was made because of mutual mistake of fact; or where subsequent development of new facts establishes that the original award did not justly compensate the injured employe.

■ We have frequently held that where a motion to vacate an original award is based upon the subsequent discovery of facts in existence at the time the award was made rather than upon the development of new facts, there is greater reluctance to grant a rehearing or to hold that the commission abused its discretion in denying a motion to vacate. Smith v. Independent Silo Co. 169 Minn. 96, 210 N. W. 624; Cooper v. Mitchell, 188 Minn. 560, 247 N. W. 805.

■ Likewise, where conflicting medical opinions were submitted upon a motion to vacate an award, we have held that the commission's refusal to do so did not constitute an abuse of discretion.

Rehak v. St. Paul Terminal Warehouse Co. 206 Minn. 96, 288 N. W. 22.

■ On the other hand, we have frequently held that where the new evidence presented in support of a motion to vacate a prior award is undisputed and indicates that the injured employe has suffered substantial additional disability following the award it is an abuse of discretion on the part of the commission to refuse to vacate such prior award. Soderquist v. McGough Brothers, 210 Minn. 123, 297 N. W. 565; Kirtland v. State Dept. of Health, 209 Minn. 537, 297 N. W. 23; Leland v. St. Olaf Lutheran Church, 213 Minn. 34, 4 N. W. (2d) 769, *supra.*

■ Here, there was no claim of fraud, deceit, or concealment, nor of the discovery of facts which were not known or contemplated at the time the original award was made. No evidence was presented with reference to injuries unknown at the time of the original award. The original petition clearly indicated that the employe and his physicians contemplated that the employe would suffer permanent disability to his back, and, with this knowledge in mind, he entered into and agreed upon the settlement described herein. Under such circumstances, we cannot say that the commission acted arbitrarily or abused its discretion in denying the motion to vacate the award based upon such stipulation and settlement.

Affirmed.