## DONALD L. NESS v. NATIONAL IRON COMPANY AND ANOTHER.

82 N. W. (2d) 688.

May 3, 1957—No. 36,996.

*Paul J. Louisell,* for relator.
*Reynolds & McLeod,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to the Industrial Commission to review an order dated May 11, 1956, and its decision of the same date.

On October 1, 1952, employee-relator, Donald Ness, filed a claim petition against the employer-respondent, National Iron Company,

and its insurer, Liberty Mutual Insurance Company. A hearing was not held until December 14, 1954, and after having been continued several times was completed on August 30, 1955. On October 19, 1955, the referee denied Ness' claim and, among other things, found that between August 1, 1951, and November 1, 1951, the employee fell seven or eight times from a plank runway, striking either his left hip or his right hip, and that said falls constituted actual injuries arising out of and in the course of his employment; that the employee's disability is due to a condition of aseptic necrosis in both his right and left hip joints; and that the condition of aseptic necrosis that the employee is suffering from is wholly unrelated to actual injuries suffered between August 1, 1951, and November 1, 1951, either by way of causation or aggravation of any condition that may have caused or was attributable to the said condition of aseptic necrosis.

On November 22, 1955, Ness appealed to the Industrial Commission from the finding of the referee that there was no causal connection between his actual injuries and the aseptic necrosis causing his disability.

On February 9, 1956, Ness filed a petition with the Industrial Commission requesting an order referring the case to the referee for the purpose of taking additional expert medical testimony and for further consideration and determination in the light of new evidence in connection with that previously introduced.

The employer and insurer cross-appealed to the Industrial Commission from the referee's finding that Ness had sustained an actual injury and also objected to the petition for additional testimony.

On May 14, 1956, the Industrial Commission filed an order denying the petition for an order to again refer the matter to a referee and on that same date filed its decision in the case. In that decision the commission reversed the referee and found, among other things, that between August 1, 1951, and November 1, 1951, or any time relevant therein, the employee did not sustain an actual injury to his person within the contemplation of the Workmen's Compensation Act. The commission also found that said condition of aseptic

necrosis is wholly unrelated to any incident occurring between August 1, 1951, and November 1, 1951, or at any other time relevant herein, either by causation or aggravation.

In this court Ness makes the following assignments of error: (1) The Industrial Commission committed an abuse of discretion in refusing to re-refer this case for the purpose of taking additional medical testimony or in not ordering the presentation of such testimony before the Industrial Commission itself, and (2) the Industrial Commission erred in reversing the referee's finding to the effect that the employee had sustained an actual injury.

The record discloses evidence that Ness commenced his employment with the National Iron Company in June 1951. As part of his duties he was required to clean sand from various castings and then to fill a wheelbarrow with this sand. There is testimony in the record that when full the wheelbarrow weighed approximately 200 pounds. The employee was then required to dump the sand from the wheelbarrow into a hopper which, through a shaking process, cleaned the sand so that it could be reused for molding castings. In order to get to the hopper the wheelbarrow had to be pushed up two 2 x 10 planks which were nailed together at each end, with one end resting on the floor and the other end resting on and being wired down to the edge of the hopper, which was approximately three feet higher than the level of the floor. There is further evidence that in order to push the wheelbarrow up these planks one would have to start from a dead stop approximately 8 feet behind the planks. Because the planks were not recessed into the floor it was necessary for the wheelbarrow to jump up the 2-inch thickness of the plank and then be pushed in one continuous motion up the 10-foot length of the planks to be emptied into the hopper.

It was Ness' testimony that during the months of August through November 1951 he had slipped on these planks and fallen several times on either his right or left hip. The medical testimony given at the hearing was conflicting, the employee's doctor testifying that in his opinion the falls testified to by Ness were a factor in producing the condition of aseptic necrosis. The doctors called to testify

in behalf of the employer and insurer testified that, assuming such falls had taken place, they were not the cause of the aseptic necrosis.

M. S. A. 176.461 provides, so far as this case is concerned, that the commission, for cause, at any time after an award, by application of either party and not less than five days' written notice to all interested parties, may set the award aside and grant a new hearing. Under this statute it has been held that the commission may vacate an award and grant a new hearing without abusing its discretion if the original award was based on any of the following: Fraud; concealment; deceit; surprise; mutual mistake of fact; or subsequent development of new facts showing the original award did not justly compensate the employee. Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. (2d) 526. In the instant case we are not dealing with a petition to vacate an award and grant a new hearing but merely a petition for a rehearing to take additional evidence before the final award of the commission is given.[1] No cases have been found discussing what would constitute an abuse of discretion in denying such a petition nor has this court found any. On the other hand, it would seem clear that what this court has held with respect to an abuse of discretion under § 176.461 should apply to a denial of the petition in the instant case. It is apparently admitted by the employee-relator that the power of the Industrial Commission to grant or deny this petition is discretionary as his only claim with respect to this is that the commission abused its discretion.

Here we are dealing with a situation in which the hearing before the referee was not concluded until three years after the claim petition was filed by the employee. There is no claim of fraud, concealment, deceit, surprise, or mutual mistake. The medical opinion which the employee seeks to have considered in this case is concerning the condition of aseptic necrosis and contra to the medical

---

[1]Rule 19 of the Rules of Practice Before Industrial Commission states: "When a referee has filed his findings and award or disallowance his jurisdiction over the case shall end, except for taxation of disbursements, unless the matter is re-referred to him by the commission for supplemental findings, taking additional testimony, rehearing, the correction of a clerical error, or other procedure."

opinions with respect to that condition given by the doctors who testified for the employer and insurer. The employee does not claim that the medical opinions which he now seeks to introduce are based on facts which have come to light since the hearing but claims only that he was unable to come in contact with these doctors until after the hearing.

We cannot say, in view of the fact that the employee did introduce medical testimony at the time of the hearing to the effect that the employee's condition of aseptic necrosis was due to the alleged falls from the planks, and in view of the fact that three years had elapsed during which time the employee could have sought further medical opinion on this matter, that the Industrial Commission had abused its discretion in refusing to refer the case back to the referee.

In view of our opinion in regard to the first assignment of error, it is unnecessary for us to determine whether the commission erred in finding that the employee did not sustain an actual injury. The question becomes moot so long as the finding that there was no causal connection between the employee's condition of aseptic necrosis and any incident of his employment must stand.

Affirmed.