## OWEN J. SANDAL v. TALLMAN OIL COMPANY AND OTHERS.

214 N. W. 2d 691.

February 1, 1974—No. 44093.

*Garrity, Cahill, Gunhus, Streed & Grinnell* and *Gunder Gunhus,* for relator.

*McLarnan & Stefanson* and *R. B. McLarnan,* for respondents Tallman Oil Company and Fidelity & Casualty Company.

*Robb, Van Eps & Gilmore* and *Curtis C. Gilmore,* for respondents Withnell Oil Co. and State Auto & Casualty Underwriters.

Per Curiam.

Certiorari to review an order of the Workmen's Compensation Commission denying employee-relator's petition to vacate a previous award of the commission. The denial was based upon a

determination that no reasonable cause had been shown for vacation of the award.

In July 1969, after a contested hearing, a compensation judge determined that relator was disabled for a period in excess of 350 weeks and also that he sustained a 30-percent permanent partial disability to both legs, a 20-percent permanent partial disability to his right arm, and a 15-percent permanent partial disability to his left arm. Based upon the then interpretation of the statutes, the compensation judge ordered payment for 104 weeks of healing period plus allowances for the permanent partial disabilities. Payment was made and no appeal was taken from the award.

Subsequently, in Mechling v. Jasper Stone Co. 293 Minn. 309, 198 N. W. 2d 561 (1972), we held that an employee can recover 350 weeks of temporary total or temporary partial disability in addition to the allowances for permanent partial disability. In other words, had relator been compensated as provided in Mechling, the award would have been substantially more than he was awarded.

Relator filed a petition pursuant to Minn. St. 1971, § 176.461,[1] to set aside the award. The petition was based solely on the decision in Mechling. The commission in a two-to-one decision denied the petition. The question is whether relator may, after the statutory time for review of an award has expired, secure vacation of it.

---

[1] Minn. St. 1971, § 176.461, provides: "Except where a writ of certiorari has been issued by the supreme court and the matter is still pending in that court or where as a matter of law the determination of the supreme court cannot be subsequently modified, the commission, for cause, at any time after an award within eight years from the date compensation was last paid, upon application of either party and not less than five days after written notice to all interested parties, may set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings and the evidence produced before it and the provisions of this chapter shall in its judgment require."

Relator contends a refusal to vacate will work an injustice to him. In Rosenquist v. O'Neil & Preston, 187 Minn. 375, 377, 245 N. W. 621, 622 (1932), we said:

"Within limits, the jurisdiction of the industrial commission over a compensation case is continuing. * * * Its decisions ordinarily do not have the terminating and quieting effect of a judgment; so the subject matter is not res judicata. Carter v. Industrial Comm. 76 Utah, 520, 290 P. 776; Bartlett Hayward Co. v. Industrial Acc. Comm. 203 Cal. 522, 265 P. 195. But if there were no limit to that rule, there would be equally no end to the liability of employer and insurer, at least no procedure whereby it could be determined with finality that liability was at an end."

In Walker v. Midwest Foods, 293 Minn. 460, 463, 197 N. W. 2d 430, 432 (1972), a comparatively recent case in which an award was based upon a settlement, we considered what constitutes cause under § 176.461:

"In determining whether or not the reopening was 'for cause,' we have noted that it is a well-settled rule in Minnesota that '[w]hether there exists sufficient cause to justify vacation of award ordinarily rests in the sound discretion of the commission.' McGuire v. Viking Tool & Die Co. 258 Minn. 336, 343, 104 N. W. 2d 519, 525 (1960). And as we said in [Mattson v. Abate, 279 Minn. 287, 292, 156 N. W. 2d 738, 741]:

" '* * * The basic statutory objective for which this discretion is invested is "to assure a compensation proportionate to the degree and duration of disability." Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. (2d) 499, 501. Although the commission's discretion is not without limit, it is instinct with considerable latitude.'

* * * * *

" '* * * In [Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. 2d 526], we said (225 Minn. 161, 30 N. W. 2d 529):

" 'As to what constitutes "cause" sufficient to justify the vacation of an award by the commission under § 176.60 [a predeces-

sor statute to § 176.461] without abuse of discretion, we have held that the commission has not abused its discretion in vacating an award where it is demonstrated that the original award was based upon fraud, concealment, deceit, or surprise in connection with the making thereof; or where it was made because of mutual mistake of fact; or where subsequent development of new facts establishes that the original award did not justly compensate the injured employee.'

"And in [Jacobson v. Uptown Transfer & Storage Co. 268 Minn. 336, 129 N. W. 2d 41], the court said (268 Minn. 340, 129 N. W. 2d 44):

" '* * * "Cause," as used in this section, means "good cause," that is, some such cause as fraud or surprise or some factor unknown at the original determination that would lead to a conclusion that the original award was incorrect.' "

In Walker, we sustained the commission's vacation of the award because all of the facts concerning the cause of the injury were not before the compensation judge at the time of the stipulated settlement and the settlement appeared to be inadequate.

The question raised in this case has been previously considered by us. In Roos v. City of Mankato, 199 Minn. 284, 271 N. W. 582 (1937), the employer sought to vacate an award granted by the commission to a widow of a fireman who died in the course of employment by reason of an aggravation of a coronary sclerosis. The basis of the effort to vacate the award was a decision of this court issued some time after the granting of the Roos award. Stanton v. Minneapolis St. Ry. Co. 195 Minn. 457, 263 N. W. 433 (1935). The Stanton case held that sudden death from arteriosclerosis was not compensable. At the time the commission made the award in Roos, such a death was compensable under our decision in Wicks v. Northland Milk & Ice Cream Co. 184 Minn. 540, 239 N. W. 614 (1931).

In the Roos decision, we stated as follows (199 Minn. 288, 271 N. W. 584):

"There is also the recognized and well-established principle of law that 'judicial construction of a statute, so long as it is unreversed, is as much a part thereof as if it had been written into it originally.' 6 Dunnell, Minn. Dig. (2 ed.) § 8936b; Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76. This being so, it must necessarily follow that at the time decision was rendered by the commission the rule announced in the Wicks case, 184 Minn. 540, 239 N. W. 614, was then a part of the law and as such binding upon the commission and the parties. Even granting for the sake of argument that the Stanton case, 195 Minn. 457, 263 N. W. 433, has limited the rule laid down in the prior cases therein referred to, yet the fact remains that at the moment of death of Mr. Roos the rights of his widow as a dependent were determined as the law was then interpreted, and the parties were necessarily bound thereby."

Similarly, here the petitioner obtained an award based on the then interpretation of the statute and no appeal was taken. Our decisions have made it clear that finality of decision is essential to the orderly administration of the act except under certain circumstances. A subsequent interpretation by the court is not such a circumstance.

In our opinion, the Roos decision is determinative in this action. We hold that under the facts of this case a subsequent interpretation of a statute does not constitute sufficient cause to justify the vacation of an award by the commission.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.