OIVA LINDQUIST v. VERNON E. EVENSON, d.b.a.
EVENSON PAINT AND WALLPAPER
COMPANY AND ANOTHER.
PETER GROEN AND ANOTHER, RESPONDENTS.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

232 N. W. 2d 430.

July 25, 1975—No. 44802.

42

*Van Eps, Gilmore & Chantry* and *Curtis C. Gilmore,* for relators.

*Garland C. Brandt,* for respondent employee.

*Warren Spannaus,* Attorney General, *Peter Sipkins,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

Heard before Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Oiva Lindquist, employee, sustained his first work-related injury in January 1964, while in the employ of Evenson Paint and Wallpaper Company (hereinafter "the first employer"). As a result of that injury, employee received workmen's compensation benefits. Employee went back to work in 1967.

Employee sustained his second injury in February 1971, while employed by Peter Groen. Employee filed a claim petition in August 1972 against both the first employer and the second employer (and their insurers). A hearing was held, and it was found that the 1964 injury constituted "a pre-existing physical impairment" and that by reason thereof the final disability was "substantially greater" than would have resulted from the 1971 injury alone. It was also determined that employee's final disability was caused equally by each personal injury. As a result, the Workmen's Compensation Commission apportioned liability between the two employers and ordered each to pay 50 percent of the continuing disability payments. Pursuant to Minn. St. 176.131, the Special Compensation Fund was ordered to reim-

burse the second employer for its share of the disability payments (less the appropriate statutory deductibles).

The commission's decision was served November 5, 1973. On November 16, 1973, we announced our decision in Koski v. Erie Mining Co. 300 Minn. 1, 223 N. W. 2d 470 (1973). Koski interpreted Minn. St. 176.131 to preclude apportionment between contributing injuries under its provisions. As a result, the Special Compensation Fund is required to make reimbursement for all disability payments meeting the requirements of § 176.131. If Koski were to be applied to the facts of this case, the Special Compensation Fund would be responsible for the full amount of disability payments, and the first employer would be relieved of all financial liability.

Based upon the Koski decision, the first employer filed a petition for rehearing with the commission on November 29, 1973, urging the commission to apply Koski to this case. The commission denied the petition, and the first employer and its insurer now seek review of that denial.

The special fund argues that the commission's denial of the first employer's motion for rehearing was a sound exercise of its discretion, and was amply supported by our decision in Sandal v. Tallman Oil Co. 298 Minn. 264, 214 N. W. 2d 691 (1974). Sandal considered and reaffirmed the general rule that the question of whether good cause exists for setting aside an award ordinarily rests in the sound discretion of the commission. We held, under the facts of Sandal, that a subsequent judicial interpretation of a statute did not constitute sufficient cause to justify the vacation of a prior award by the commission.

The Sandal decision was based on the following proposition:

"* * * Our decisions have made it clear that finality of decision is essential to the orderly administration of the act except under certain circumstances. A subsequent interpretation by the court is not such a circumstance." 298 Minn. 268, 214 N. W. 2d 693.

Although we do not now question Sandal, we feel that the facts at bar present a distinguishable situation. Here, the first employer attempted to avail himself of the Koski decision within the 30-day period allowed for petitions for writs of certiorari to be made to this court. Minn. St. 176.471, subd. 1. As a result, we are willing, under the narrow facts of this case, to review the order of the commission as if it had been brought directly to us.[1] The question here is one of finality. Under this decision, an award made by the commission becomes final, for purposes of applying the doctrines relied upon in Sandal, when the statutory period for Supreme Court review has expired.

Under the circumstances, we have no difficulty requiring that the award in this case be made to conform with our decision in Koski. Lease v. Pemtom, 305 Minn. 6, 232 N. W. 2d 424 (1975).

Accordingly, we reverse the decision of the commission and remand for proceedings consistent with this decision.

Reversed and remanded.

---

[1] The first employer attempted to raise the Koski issue in a petition for rehearing instead of in a petition for writ of certiorari apparently because he felt it proper to provide the commission with an opportunity to apply Minn. St. 176.131 as interpreted.