James **FRIEDLANDER,**
**Plaintiff/Appellant,**

v.

EDWARDS LIFESCIENCES, LLC, Edwards Lifesciences Corporation, and Matthew Borenzweig, Defendants/Respondents.

A16-1916

Supreme Court of Minnesota.

Filed: August 9, 2017

Clayton D. Halunen, Kaarin Nelson Schaffer, Stephen M. Premo, Halunen Law, Minneapolis, Minnesota; Steven Andrew Smith, Matthew A. Frank, Nichols Kaster, PLLP, Minneapolis, Minnesota; and Adam W. Hansen, Apollo Law, LLC, Minneapolis, Minnesota, for appellant.

David P. Pearson, Thomas H. Boyd, Reid J. Golden, Winthrop & Weinstine, P.A., Minneapolis, Minnesota, for respondents.

Sharon L. Van Dyck, Van Dyck Law Firm, PLLC, Minneapolis, Minnesota, for amicus curiae Minnesota Association for Justice.

Frances E. Baillon, Baillon Thome Jozwiak & Wanta, LLP, Minneapolis, Minnesota; and Phillip Kitzer, Brian Rochel, Doug-las A. Micko, Teske Micko Katz Kitzer & Rochel, PLLP, Minneapolis, Minnesota, for amicus curiae National Employment Lawyers Association—Minnesota Chapter.

Leslie L. Lienemann, Culberth & Lienemann, LLP, Saint Paul, Minnesota; and Justin D. Cummins, Cummins & Cummins, LLP, Minneapolis, Minnesota, for amicus curiae Employee Lawyers Association of the Upper-Midwest.

Marko J. Mrkonich, Holly M. Robbins, Joseph D. Weiner, Littler Mendelson, P.C., Minneapolis, Minnesota, for amici curiae United States Chamber of Commerce and Minnesota Chamber of Commerce.

## OPINION

GILDEA, Chief Justice.

This case presents a question the United States District Court for the District of Minnesota certified to us. We are asked to decide whether "the 2013 amendment to the Minnesota Whistleblower Act defining the term 'good faith' to mean 'conduct that does not violate section 181.932, subdivision 3' eliminate[s] the judicially created requirement that the putative whistleblower act with the purpose of 'exposing an illegality.'" Because we conclude that the 2013 amendment abrogates our prior interpretation of "good faith," we answer the certified question in the affirmative.

## FACTS

Appellant James Friedlander alleges that during his employment with respondents Edwards Lifesciences Corporation and Edwards Lifesciences, LLC (collectively "Edwards Lifesciences"), his superiors engaged in violations of law, including breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 (West 2017). Fried-

lander claims that he expressed his concern about these practices to his superiors and others within the company. The parties do not dispute that those who were told about Friedlander's concern already knew about the conduct in question. After Friedlander reported his concern, Edwards Lifesciences terminated his employment.[1]

In his complaint, which he filed in the United States District Court for the District of Minnesota, Friedlander alleges that Edwards Lifesciences wrongfully terminated his employment, in violation of the Minnesota Whistleblower Act. Minn. Stat. §§ 181.931-.935 (2016). Edwards Lifesciences moved for judgment on the pleadings, arguing that it could not have violated the Act because Friedlander did not "blow the whistle." Specifically, Edwards Lifesciences argued that because Friedlander made his report only to people who already knew about the allegedly unlawful conduct, his report was not protected conduct under the Act. Edwards Lifesciences bases this argument on our interpretation of the Act in *Obst v. Microtron, Inc.*, 614 N.W.2d 196, 202 (Minn. 2000), in which we held that "good faith" requires a putative whistleblower to act with the purpose of exposing an illegality. Friedlander contends that *Obst* is no longer good law following a 2013 amendment to the Act, which defines the phrase "good faith" to exclude "statements or disclosures" that are knowingly false or in reckless disregard of the truth. Act of May 24, 2013, ch. 83, § 1, 2013 Minn. Laws 468, 468 (codified at Minn. Stat. § 181.931, subd. 4 (2016)); *see* Minn. Stat. § 181.932, subd. 3.

In addressing this dispute, the United States District Court stated that it was "not aware of any controlling precedent that decides the question of whether the 2013 amendments to the [Act] eliminated the expose-an-illegality requirement." The court further noted that "[n]either the text of the amending act nor the legislative history behind it clearly indicates whether the Minnesota state legislature intended the 2013 amendments to supersede or merely complement the judicially imposed expose-an-illegality rule." Additionally, the resolution of the question is likely to be determinative of the motion before the court. Accordingly, the court certified the following question to our court: "Did the 2013 amendment to the Minnesota Whistleblower Act defining the term 'good faith' to mean 'conduct that does not violate section 181.932, subdivision 3' eliminate the judicially created requirement that the putative whistleblower act with the purpose of 'exposing an illegality?'" We accepted the certified question.

## ANALYSIS

We "may answer a question of law certified to [us] by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state." *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780, 783 (Minn. 2016) (citations omitted) (internal quotation marks omitted); *see* Minn. Stat. § 480.065, subd. 3 (2016). Certified questions are questions of law that we review de novo. *Clark v. Lindquist*, 683 N.W.2d 784, 785 (Minn. 2004). Likewise, the interpretation of a statute is a "legal issue subject to de novo review." *Id.* (citation omitted). Our goal in inter-

1. Friedlander and Edwards Lifesciences dispute whether Friedlander's termination was because of Friedlander's statements to his superiors about the alleged misconduct, or because Friedlander violated company policy in submitting expense reimbursement requests. This dispute is not relevant to the issue currently before our court.

preting a statute "is to effectuate the intent of the Legislature." *Staab v. Diocese of St. Cloud,* 853 N.W.2d 713, 716 (Minn. 2014).

The parties dispute whether the Minnesota Whistleblower Act, following a 2013 amendment, still requires the putative whistleblower to act with the purpose of exposing an illegality. Since its enactment, the Act has prohibited an employer from discharging an employee because the employee "in good faith" reports a violation of any federal or state law. *See* Act of May 11, 1987, ch. 76, § 1, 1987 Minn. Laws 140, 140 (codified as amended at Minn. Stat. § 181.932, subd. 1(1) (2016)). Likewise, the Act has always provided that a false or reckless report is not protected. *Id.* § 2, subd. 3, 1987 Minn. Laws at 140 (codified at Minn. Stat. § 181.932, subd. 3 (2016)) ("This section does not permit an employee to make statements or disclosures knowing that they are false or that they are in reckless disregard of the truth.").

But, until 2013, the Act did not contain a statutory definition of the phrase "good faith." Consequently, in *Obst v. Microtron, Inc.,* we interpreted the phrase "good faith" to have two elements: "the content of the report" and "the reporter's purpose in making the report." 614 N.W.2d at 202. In analyzing what purpose the whistleblower is required to have under the statute, we concluded that to act in good faith, the putative whistleblower must act with "the purpose of blowing the whistle, i.e., to expose an illegality." *Id.* We reaffirmed this definition of "good faith" in *Kidwell v. Sybaritic, Inc.,* 784 N.W.2d 220, 227 (Minn. 2010) (plurality opinion); *see also id.* at 235 (Anderson, Paul H., J., dissenting). When we have interpreted a statute, "our interpretation becomes part of the statute." *Karl v. Uptown Drink, LLC,* 835 N.W.2d 14, 17 (Minn. 2013) (citation omitted) (internal quotation marks omitted). Consistent with this principle, our interpretation

of "good faith" in *Obst* became part of the Minnesota Whistleblower Act.

█ In 2013, however, the Legislature amended the Act to define the phrase "good faith" to mean "conduct that does not violate section 181.932, subdivision 3," Act of May 24, 2013, ch. 83, § 1, 2013 Minn. Laws at 468 (codified at Minn. Stat. § 181.931, subd. 4 (2016)), which in turn means that the report at issue must not be knowingly false or made in reckless disregard of the truth of the matter asserted in the report, *see* Minn. Stat. § 181.932, subd. 3. The parties disagree about the effect of this amendment on our prior interpretation of "good faith" from *Obst* and *Kidwell. Obst,* 614 N.W.2d at 202; *Kidwell,* 784 N.W.2d at 227.

Friedlander contends that the definition from the 2013 amendment abrogates our prior interpretation of "good faith," leaving only the statutory definition. Friedlander argues that when the Legislature amends a statute, we are to disregard our prior interpretations of that statute and proceed to interpreting it anew. This is particularly true, Friedlander argues, because the provision at issue here provides a definition that the statute did not contain when we interpreted it in *Obst.* For its part, Edwards Lifesciences argues that the statutory definition of "good faith" merely supplements the definition we adopted in *Obst,* 614 N.W.2d at 202. Edwards Lifesciences argues that the Legislature's amendment overrules our prior interpretation only if the amendment contradicts our prior interpretation expressly or by implied necessity. Friedlander has the better argument.

In *Obst,* we provided a definition of "good faith" that filled a gap in the statute. But in 2013, the Legislature provided its own definition. We must adhere to the plain language of that definition and give effect to all parts of the amended Act. *See* Minn. Stat. § 645.16 (2016). The Act now tells us that reports are made in "good

faith" as long as those reports are not knowingly false or made with reckless disregard of the truth. *See* Minn. Stat. §§ 181.931, subd. 4, 181.932, subd. 3. Interpreting the phrase "good faith" to have a meaning other than that given in Minn. Stat. § 181.931 would contradict the plain language of the amended statute.

Our prior interpretation of "good faith" in *Obst* gives the phrase a meaning different from the definition provided in the 2013 amendment. Specifically, the definition in *Obst* requires us to examine the reporter's purpose as well as the content of the report. 614 N.W.2d at 202. The statutory definition, however, directs us to conduct a different inquiry, looking only to the content of the report. *See* Minn. Stat. § 181.932, subd. 3. We are bound by that legislative directive. *Cf. Wilson v. Mortg. Res. Ctr., Inc.*, 888 N.W.2d 452, 458 (Minn. 2016) ("Because the statutory definition is exclusive, a prior common law standard that is incompatible with the statutory language is inapplicable. The common law materiality standard is inconsistent with the statute because materiality ... requires a different inquiry.").

Any other conclusion would, in effect, render the "good faith" definition section of the 2013 amendment superfluous, and run afoul of our presumption that the Legislature intends to change the law when it amends a statute. *See Braylock v. Jesson*, 819 N.W.2d 585, 588 (Minn. 2012). Before the 2013 amendment, *Obst*'s interpretation

of the Act already excluded knowingly false or reckless reports from the scope of the Act's protections. Act of May 11, 1987, ch. 76, § 2, 1987 Minn. Laws at 140 (codified at Minn. Stat. § 181.932, subd. 3 (2016)). The 2013 amendment's definition of "good faith" reasserts this exclusion. Accordingly, for the 2013 amendment's definition of "good faith" to have effect and to change the law, it must be interpreted to have changed the *Obst* definition of "good faith." If this result were not the case, the amendment would serve no purpose.[2]

 Based on this analysis, we conclude that the 2013 amendment to the Minnesota Whistleblower Act, defining the phrase "good faith" to mean "conduct that does not violate section 181.932, subdivision 3," eliminated the judicially created requirement that a putative whistleblower act with the purpose of exposing an illegality. Act of May 24, 2013, ch. 83, § 1, 2013 Minn. Laws at 468 (codified at Minn. Stat. § 181.931, subd. 4 (2016)).

## CONCLUSION

For the foregoing reasons, we answer the certified question in the affirmative.

Certified question answered in the affirmative.

---

2. The parties submitted supplemental briefs regarding the applicability of two cases, *Herrly v. Muzik*, 374 N.W.2d 275 (Minn. 1985), and *K.R. v. Sanford*, 605 N.W.2d 387 (Minn. 2000). Those cases are not inconsistent with the result we reach here. Both cases arose in the context of the Civil Damages Act, and addressed the judicially created complicity bar to recovery under that Act. *See Turk v. Long Branch Saloon, Inc.*, 280 Minn. 438, 159 N.W.2d 903, 907 (1968) (holding that the plaintiff's complicity in purchasing alcohol for the driver who injured him barred his recovery under the Act). In *Herrly*, we could give effect to both the judicially created rule and the Legislature's amendment. We held that, absent a clear indication from the Legislature that it sought to expand the class of persons protected by the Act, complicity remained an absolute bar to recovery. 374 N.W.2d at 278-79. In contrast, in *K.R.*, we could not give effect to both the judicially created rule and the Legislature's amendment and so the amendment prevailed. 605 N.W.2d at 394.