# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2409
_____

Jonathan Scarborough

*Plaintiff - Appellant*

v.

Federated Mutual Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: June 14, 2018
Filed: July 16, 2018
[Published]
_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2014, Jonathan Scarborough was fired by his employer, Federated Mutual Insurance Company. Scarborough sued, claiming that he was fired for engaging in conduct that was protected by the Minnesota Whistleblower Act (MWA or the act). Scarborough submitted evidence that he told his supervisors about an employee who was stealing from Federated, and alerted them to potential consequences. The district

court granted Federated's motion for summary judgment after determining that Scarborough's disclosures did not qualify as MWA-protected reports. We review grants of summary judgment de novo. Hohn v. BNSF Ry. Co., 707 F.3d 995, 1000 (8th Cir. 2013). This is a diversity case arising under Minnesota law, so we are bound by the decisions of the Minnesota Supreme Court. See Washington v. Countrywide Home Loans, Inc., 655 F.3d 869, 873 (8th Cir. 2011).

The MWA protects employees who "in good faith, report[] a violation, suspected violation, or planned violation of any federal or state law or common law or rule adopted pursuant to law to an employer . . . ." Minn. Stat. § 181.932 subd. 1(1). Until 2013, the Minnesota courts defined the terms in this subsection. They held that whether an employee acted in "good faith" depended on "the reporter's purpose in making the report." Obst v. Microtron, Inc., 614 N.W.2d 196, 202 (Minn. 2000). In particular, "[t]he central question [was] whether the reports were made for the purpose of blowing the whistle, i.e., to expose an illegality." Id.

In 2013, the Minnesota legislature amended the MWA and added definitions of "report" and "good faith." A report is now defined as "a verbal, written, or electronic communication by an employee about an actual, suspected, or planned violation of a statute, regulation, or common law, whether committed by an employer or a third party." Minn. Stat. § 181.931 subd. 6. Good faith is defined as anything that does not violate the act's prohibition of false disclosures: "[t]his section does not permit an employee to make statements or disclosures knowing that they are false or that they are in reckless disregard of the truth." Id. §§ 181.931 subd. 4, 181.932 subd.3.

As the Minnesota Supreme Court recently explained, "the 2013 amendment to the Minnesota Whistleblower Act . . . eliminated the judicially created requirement that a putative whistleblower act with the purpose of exposing an illegality."

-2-

Friedlander v. Edwards Lifescis., LLC, 900 N.W.2d 162, 166 (Minn. 2017). The court recognized that, by adding a definition of "good faith," the state legislature eliminated the need to inquire into the purpose of a report, and "direct[ed courts] to conduct a different inquiry, looking only to the content of the report." Id.

The district court granted Federated summary judgment after the 2013 amendment of the MWA, but before the Minnesota Supreme Court handed down Friedlander. It is clear that the district court relied on the pre-amendment judge-made definitions of report and good faith when it granted summary judgment to Federated. Because those definitions were abrogated by the Minnesota legislature in 2013, we must vacate and remand. We decline to address the parties' multitude of factual arguments. And we express no opinion as to the merits of Scarborough's claim for relief—contrary to the parties' suggestion on appeal, that determination is best made by the district court in the first instance.

We vacate the judgment of the district court and remand for reconsideration of summary judgment in light of the Minnesota Supreme Court's decision in Friedlander.

_____