VERNON WOLLSCHLAGER v. STANDARD CONSTRUCTION
COMPANY AND OTHERS.

220 N. W. 2d 346.

July 12, 1974—No. 44118.

Ronald O. W. Ylitalo, for relators.
Larry B. Leventhal, for respondent employee.

PER CURIAM.

Writ of certiorari to review an order of the Workmen's Compensation Commission vacating an earlier award based upon a settlement. The issue is whether the commission abused its discretion by so ordering. We hold that it did not.

The commission has authority to set aside an award based on a settlement even when, as here, the settlement contains a provision to the contrary, the test being the same as for deciding whether to set aside any award, that is, whether there is good cause for setting aside the award. Minn. St. 176.461 and 176.521. Mattson v. Abate, 279 Minn. 287, 156 N. W. 2d 738 (1968). There are four general categories of cases in which we have held that there is good cause for setting aside an award: Cases involving (a) fraud, (b) mistake, (c) newly discovered evidence, and (d) substantial change of employee's condition. See, among numerous cases, Turner v. Federal Reserve Bank of Minneapolis, 298 Minn. 161, 213 N. W. 2d 414 (1973); Walker v. Midwest Foods, 293 Minn. 460, 197 N. W. 2d 430 (1972); Radzak v. Mercy Hospital, 291 Minn. 189, 190 N. W. 2d 86 (1971); Mattson v. Abate, *supra;* Guptill v. Conlon Const. Co. 239 Minn. 185, 58 N. W. 2d 264 (1953); Elsenpeter v. Potvin, 213 Minn. 129, 5 N. W. 2d 499 (1942). In each case our underlying concern has been "to assure a compensation proportionate to the degree and duration of disability." 213 Minn. 132, 5 N. W. 2d 501.

In the instant case, the commission found that there was good cause for reopening the award in that employee's condition had deteriorated substantially. We believe that in so ruling the commission did not abuse its discretion, which we have said is "instinct with considerable latitude" (Mattson v. Abate, 279 Minn. 287, 292, 156 N. W. 2d 738, 741), because there was credible medical evidence not only that employee's physical condition had deteriorated considerably since the prior award but also that there was a causal relation between the injury or injuries covered by the prior award and his present worsened condition. See, 3 Larson, Workmen's Compensation Law, §§ 81.31 to 81.33. In summary, the record shows good cause for vacating the prior award and reopening the matter.

Respondent employee is allowed $350 attorney's fees on this appeal.

Affirmed.