MELVIN C. BENNETT v. HOISETH MOTOR SALES
AND ANOTHER.

224 N. W. 2d 148.

November 22, 1974—No. 44677.

*Van Eps, Gilmore & Chantry* and *George R. Benton,* for relators.
*Rainer L. Weis,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Writ of certiorari by the employer-insurer to review an order of the Workmen's Compensation Commission vacating an August 1968 award and payment of benefits to the employee based upon a stipulated settlement. The sole issue presented is whether the commission, by a divided two-to-one vote, abused its discretion in ordering vacation. Because the record supports the commission's factual findings on which its reopening order is based, we affirm.

The 1968 award resulted from a stipulation of settlement, dictated into the record during hearing, of employee's claim for permanent total disability benefits arising out of a neck and shoulder injury sustained while the employee was working as a mechanic for Hoiseth Motor Sales. Even though the 1968 award was by agreement to constitute a "full, final, and complete" settlement, Minn. St. 176.461 and 176.521 expressly authorize the commission to set an award aside upon a showing of "cause." Pertinent to the employee's claim of a substantial change in his condition by reason of which he seeks vacation of the settlement award, we have held that "cause" sufficient to justify a vacation by the commission exists upon a prima facie showing by the employee that evidence of subsequent developments exists which will establish that his condition has substantially worsened, and that there is a causal relationship between the injury covered by the award and his present worsened condition. Wollschlager v. Standard Const. Co. 300 Minn. 550, 220 N. W. 2d 346 (1974); Walker v. Midwest Foods, 293 Minn. 460, 197 N. W. 2d 430 (1972); Mattson v. Abate, 279 Minn. 287, 156 N. W. 2d 738 (1968); Elsenpeter v. Potvin, 213 Minn. 129, 5 N. W. 2d 499 (1942); 3 Larson, Workmen's Compensation, §§ 81.31 to 81.33. While the commission's discretionary authority is not without limit, "it is instinct with considerable latitude," Mattson v. Abate, 279 Minn. 292, 156 N. W. 2d 741, to be exercised with the objective of assuring "compensation proportionate to the degree and duration of disability." Elsenpeter v. Potvin, 213 Minn. 132, 5 N. W. 2d 501. The commission ordered reopen-

ing in this case upon findings that the medical reports filed in support of the petition show that employee's tremor and other symptoms have worsened and increased and also show a significant increase in his disability. Our review of the medical report supports these findings as well as employee's claim, not expressly articulated by the commission's majority, of a causal relationship to the 1957 injury. Such evidence of developments subsequent to the prior award could enable employee to establish that he is now in fact totally and permanently disabled, and that his disability is in no wise caused by Parkinson's disease, a defense asserted by the employer-insurer during trial and negotiation preceding the 1968 award. Indeed, at the time of settlement, the issues as to the extent of his disability and the involvement of Parkinson's disease were in vigorous dispute. We, of course, express no opinion as to the resolution of these issues upon a hearing on the merits.

We acknowledge that the issue presented is close, since the majority opinion of the commission seems to indicate that the reopening was based solely upon an increase in the employee's disability, which alone would be insufficient to justify vacation of the award. We also observe that caution should be exercised in vacating settlement awards in order that employer-insurers be encouraged to settle claims, a disposition which usually serves the best interest of the employee. We do, however, find the record sufficient to support the commission's finding of cause to justify ordering vacation.

Affirmed.