ROBERT L. BOHNHOFF v. ALLAN ENGINEERING
COMPANY AND ANOTHER.

231 N. W. 2d 554.

June 27, 1975—No. 45325.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.
*Larry B. Leventhal,* for respondent.

PER CURIAM.

Relators seek review of an order of the Workmen's Compensation Commission vacating an earlier award based upon a settlement. This issue is whether in so ordering, the commission abused its discretion. We hold that it did not.

By authority of Minn. St. 176.461 and 176.521, the commission may set aside an award based on a settlement for cause. We have held "cause" to include a substantial change in the employee's condition. Wollschlager v. Standard Const. Co. 300 Minn. 550, 220 N. W. 2d 346 (1974); Mattson v. Abate, 279 Minn. 287, 156 N. W. 2d 738 (1968). The basic underlying concern in a determination of cause sufficient to set aside an award is "to assure a compensation proportionate to the degree and duration of disability." Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. 2d 499, 501 (1942).

In the instant case the commission found that there was good cause for reopening the award in that the employee's medical condition had materially changed. We have examined the record and conclude that it reasonably supports this finding. We conclude that the commission did not abuse its discretion in vacating the award.

Respondent-employee is allowed $350 attorneys fees on this appeal.
Affirmed.