ESTHER EIGEN v. FOOD PRODUCERS,
INC., AND ANOTHER.

240 N. W. 2d 559.

March 26, 1976—No. 45817.

*Lasley, Gaughan, Reid & Stich* and *W. M. Lasley,* for relators.
*Lewis & Salita* and *Wayne J. Salita,* for respondent.

PER CURIAM.

Relators seek review of an order of the Workers' Compensation Board vacating an earlier award based upon a settlement. This issue is whether in so ordering the board abused its discretion. We hold that it did not.

By authority of Minn. St. 176.461 and 176.521, the board may, for cause, set aside an award based on a settlement. We have held "cause" to include newly discovered evidence or substantial change in the employee's condition. Wollschlager v. Standard Const. Co. 300 Minn. 550, 220 N. W. 2d 346 (1974); Mattson v. Abate, 279 Minn. 287, 156 N. W. 2d 738 (1968). The basic underlying concern in a determination of "cause" is "to assure a compensation proportionate to the degree and duration of disability." Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. 2d 499, 501 (1942).

In the instant case, the board found that there was good cause for reopening the award in the interests of justice and because new evidence existed that was material to a determination of the degree and extent of the employee's disability. A memorandum accompanying its order pointed out that the employee's condition had materially changed. We have examined the record and conclude that in so ruling the board did not abuse its discretion.

Respondent-employee is allowed $350 attorneys fees on this appeal.
Affirmed.