Edward LUBINSKI, Respondent,

v.

BROS, INC., Employer,

American Home Assurance, Respondent,

Insurance Company of North America, Relator,

State Treasurer, Custodian of the Special Compensation Fund, Respondent.

No. 48150.

Supreme Court of Minnesota.

July 28, 1978.

Mahoney, Dougherty & Mahoney and Gary C. Reiter, Minneapolis, for relator.

John Wallraff, Compensation Atty., Minneapolis, for respondent Lubinski.

Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondent American Home Assurance.

Warren Spannaus, Atty. Gen., St. Paul, for respondent State Treasurer.

## PER CURIAM.

Writ of certiorari by the employer-insurer to review an order of the Workers Compensation Court of Appeals vacating a March, 1965, award to the employee based upon a stipulated settlement. Relator contends that the court of appeals abused its discretion in vacating the award. We reverse.

In 1961, Edward Lubinski fell 15 feet from a scaffold, suffering a fracture of his left heel and other injuries. In 1964, he filed a workers compensation claim alleging that the fall had caused certain temporary disabilities and 15 percent permanent partial disabilities to both his spine and left leg. His employer, Bros, Inc., disputed the disability claim. In March, 1965, the parties executed a stipulation for settlement in which they agreed that the employer would compensate Lubinski for a 5 percent permanent partial disability of the left leg and a 5 percent permanent partial disability of the back. The Industrial Commission then made its award based upon this stipulation.

In 1975, Lubinski suffered a further injury to his back. His employer and its present insurer, American Home Assurance Company, denied liability but paid compensation under a temporary order and sought reimbursement and contribution from Insurance Company of North America, which was Bros' insurer at the time of the 1965 settlement award. The employee then petitioned the court of appeals to vacate the settlement award. The petition contended that the award was made without knowledge of the true nature of the original injuries and that Lubinski's condition had changed significantly since the award was made.

The only evidence presented to justify vacation of the award was a report submitted by Dr. Meyer Z. Goldner. Dr. Goldner first examined Lubinski prior to the 1965 settlement. In report dated February 18, 1964, he stated that it was his opinion that Lubinski had incurred a 5 percent loss of function of both his left leg and spine. He also stated that if either area became more troublesome he would like to reevaluate the injuries. Dr. Goldner continued to follow Lubinski until 1970. In January, 1977, he examined him again in connection with his 1975 injuries and determined that he had a 10 percent permanent partial disability of the right arm and a 25 percent permanent partial disability of the spine. In a report dated February 23, 1977, Dr. Goldner stated:

"I believe that there was a disability evaluation of 5 per cent of the back and 5 per cent of the left leg that was given back in 1964, which I believe would be separate from the present disability ratings that I have given to him."

On May 16, 1977, Dr. Goldner made another report. He had not reexamined Lubinski but had reviewed his office file. On the basis of this review, he concluded:

"That Mr. Lubinski now has a 35 per cent permanent partial disability of the spine. I would apportion 15 per cent of that to the injuries that he sustained in 1961,

that I very conservatively estimated as a 5 per cent permanent disability, which obviously was wrong in view of his absences from work on a great many occasions in the years thereafter because of his back pain, and 20 per cent to the injury that he sustained in the accident of May of 1975, which has further increased his disabilities and also his repeated losses of days from work because of his back impairment."

On August 2, 1977, the Workers' Compensation Court of Appeals granted Lubinski's petition to vacate the 1965 award "on the grounds of a change in condition material to the issue involved and in the interest of justice."

■ Minn.St. 176.461 and 176.521, subd. 3, authorize the court of appeals to set aside an award based on settlement and grant a new hearing "for cause." The court is vested with broad discretion in determining whether "cause" to vacate an award exists. *Walker v. Midwest Foods,* 293 Minn. 460, 197 N.W.2d 430 (1972). Nevertheless, that discretion is not unlimited.

In *Wollschlager v. Standard Construction Co.,* 300 Minn. 550, 220 N.W.2d 346 (1974), we stated that there were four general categories of cases where cause for setting aside an award have been found: Cases involving fraud, mistake, newly discovered evidence, or a substantial change in the employee's condition. The case before us belongs to none of these categories; it is a case where an examining physician simply changed his mind after twelve years. His new opinion is not based on a determination that the employee's physical condition has materially changed, but on the reasoning that the employee's frequent absences from work indicate that the original evaluation was "very conservative."

In *Bomersine v. Armour & Co.,* 225 Minn. 157, 30 N.W.2d 526 (1947), we refused to hold that the industrial commission had abused its discretion in failing to vacate an award based on settlement even though the employee presented evidence that he had a 30 to 50 percent disability to his back, the severity of which was not recognized at the time of settlement. We stated:

"Here, there was no claim of fraud, deceit, or concealment, nor of the discovery of facts which were not known or contemplated at the time the original award was made. No evidence was presented with reference to injuries unknown at the time of the original award. The original petition clearly indicated that the employe and his physicians contemplated that the employe would suffer permanent disability to his back, and, with this knowledge in mind, he entered into and agreed upon the settlement described herein. Under such circumstances, we cannot say that the commission acted arbitrarily or abused its discretion in denying the motion to vacate the award based upon such stipulation and settlement."

225 Minn. 162, 30 N.W.2d 529.

In *Mattson v. Abate,* 279 Minn. 287, 156 N.W.2d 738 (1968), we reviewed an order vacating an award based on settlement where the parties to the settlement had, on the basis of an erroneous medical opinion, grossly underestimated the extent of the disability. The treating physician had evaluated the disability resulting from a severe head injury at 30 percent and predicted that the employee could soon return to some type of employment. After the settlement and award, it became apparent that the employee was permanently and totally disabled. We found that the case involved a "grave mistake based on mistaken assumptions of fact" and affirmed.

■ The instant case is easily distinguished from *Mattson.* Here the settlement was not made on the basis of an assumption that the employee had incurred a back disability not in excess of 5 percent. The original petition claimed a 15 percent disability. Nor is the discrepancy between the settlement disability and the disability

now claimed so great as to indicate that the award was extremely disproportionate to the actual severity of the injury. Moreover, the objective factors support the physician's reevaluation in *Mattson,* that is, the severity of the injury and the employee's inability to work, are totally absent here. The only fact offered in support of the reevaluation is that on numerous occasions the employee was absent from work because of back pain.

To vacate the award in this case on such grounds would violate the statutory requirement that awards be set aside only "for cause." The mere statement of a physician, unsupported by credible medical evidence, that his original evaluation, which remained unchanged for 12 years, was very conservative does not rise to the level of good cause. What we stated in *Turner v. Federal Reserve Bank of Minneapolis,* 298 Minn. 161, 167, 213 N.W.2d 414, 418 (1973), applies as well to awards based on settlements as to decisions after hearings: "While compensation decisions do not enjoy the same finality as ordinary judgments, the parties are entitled to have their litigation laid to rest with some assurance of finality if there has been an opportunity to fully explore the issues and no substantial change has occurred since the time of the award." Upholding the court of appeals in this case would deprive the parties to a settlement of any assurance of the finality of their agreement.

Reversed.

KELLY, Justice (dissenting).

By reason of Minn.St. 176.141 and 176.-521, subd. 3, the compensation court may vacate an award based on a settlement "for cause." We have held that "cause" exists in cases involving (a) fraud, (b) mistake, (c) newly discovered evidence, and (d) substantial change in the employee's condition. *Wollschlager v. Standard Const. Co.,* 300 Minn. 550, 220 N.W.2d 346 (1974). The basic underlying concern in a determination of cause sufficient to set aside an award is "to assure a compensation proportionate to

the degree and duration of disability." *Elsenpeter v. Potvin,* 213 Minn. 129, 132, 5 N.W.2d 499, 501 (1942); *Bohnhoff v. Allan Engineering Co.,* 304 Minn. 587, 231 N.W.2d 554 (1975).

In this case the compensation court ordered the award vacated on grounds of a material change in the employee's condition and in the interest of justice. My review of the record leads to the conclusion that employee's showing that his condition worsened substantially during the years following the award was not strong, but that the showing presents the strong probability that at the time of the settlement both parties mistakenly underrated the extent of employee's disability. Such a mistake would prevent him from obtaining compensation proportionate to his disability and thus justified the vacation of the award. *Mattson v. Abate,* 279 Minn. 287, 156 N.W.2d 738 (1968).

SCOTT, Justice (dissenting).

I join in the dissent of Mr. Justice Kelly.