**Delphine M. HEATH, Relator,**

v.

**AIRTEX INDUSTRIES et al.,
Respondents.**

No. 51121.

Supreme Court of Minnesota.

Aug. 8, 1980.

Rehearing Denied Oct. 28, 1980.

Meshbesher, Singer & Spence, Minneapolis, for relator.

Robert J. McGuire, Minneapolis, for respondent.

SHERAN, Chief Justice.

Employee seeks review of an order of the Workers' Compensation Court of Appeals denying her petition to vacate an award on stipulation on the ground that the award and the underlying settlement had been based on a mutual mistake of fact with the respect to the date of her disablement. Having concluded that under the facts of this case it was an abuse of discretion not to grant her the relief sought, we reverse.

The record establishes that employee, after working approximately six weeks for the employer in the spring of 1974 as a hot wire cutter, became disabled as the result of her exposure to burning polyurethane. The employer-insurer paid her temporary total disability benefits for a 31/2-month period, and upon their discontinuance of compensation payments employee consulted Attorney James F. Dunn. Dunn then filed a claim petition seeking compensation for temporary total, temporary partial, and permanent partial disability. In the upper left corner of the petition the date of employee's injury was stated to be April 23, 1974, but in the body of the petition it was alleged to have occurred on April 23, *1973*. On July 22, 1975, after a contested hearing, the compensation judge awarded employee compensation for intermittent temporary total and temporary partial disability from and after April 24, 1974, but made a finding that she had sustained a personal injury in the nature of lung impairment on April 23, 1973.

In November 1976 employee again returned to·the firm with whom Dunn had been associated. At that time he was no longer associated with the firm, and employee consulted Attorney Arnold Bellis, who prepared a claim petition seeking compensation for further intermittent temporary total disability and for a 25% permanent partial disability of the lungs. The claim petition alleged that she had sustained injury to her lungs on April 23, 1973,

apparently because Mr. Bellis referred to the finding of the compensation judge which had so stated. The employer-insurer again denied liability.

Bellis was unable to attend the prehearing conference held March 7, 1977, and Michael Peck, an associate, did so. Prior to that conference Bellis undertook legal research on employee's case and concluded, based on the assumption that her injury had occurred on April 23, 1973, that she could not obtain permanent partial disability compensation for impairment of her lungs because the effective date of the statute permitting recovery of permanent partial disability for injury to internal organs, Minn.Stat. § 176.101, subd. 3(40) (1978) was August 1, 1973. He so advised Peck, and the claim for permanent partial disability was stricken at the pretrial conference.

Peck subsequently initiated settlement negotiations with the insurer's counsel, Robert McGuire, in June 1977, first offering to accept $20,308.54 for an additional 238 weeks of compensation at a rate of $85.33, which he suggested represented 113 weeks of temporary total disability and 125 weeks for a 25% permanent partial disability of the lungs. This offer was rejected, but subsequent negotiations resulted in a proposed stipulation for settlement under which the employer and insurer agreed to pay medical expenses and $14,399.80, representing 167.58 weeks of compensation, the nature of which was not defined although the stipulation set forth employee's claim that she had sustained a 25% to 40% permanent partial disability to her lungs, the employer-insurer's denial that she is disabled and their claim that she has only minimal permanent disability.[1] This stipulation also provided that it would be a "full, final and complete settlement for any claim that the employee has as result of the personal injury of April 23, 1973, or exposure at Airtex Industries for temporary partial disability, temporary total disability, and permanent partial disability." The stipulation was drafted by Mr. McGuire.

The stipulation was approved, and an award based thereon was issued on September 12, 1977, the award providing also that when the employer and insurer had made the agreed-upon payments and had filed proof thereof, "they shall constitute a full, final and complete settlement of any and all claims which said employee has or hereafter [shall] have for temporary partial, temporary total or permanent partial disabilities as a result of her injury of April 23, 1973."

In 1979 employee, after consulting another law firm, filed the petition to vacate the award on stipulation on the ground that the date of injury had been erroneously stated in both the award and the underlying stipulation to be April 23, 1973, through a mutual mistake of fact which had materially affected her rights and the terms of the settlement reached by the parties. Following two hearings on this petition, the parties agreed that employee never worked for the employer during 1973 and did work and sustain injury resulting in compensable disability only in 1974. Mr. Bellis also testified that because of his impression that employee had sustained injury in 1973 and thus was not entitled to an award for permanent partial disability, he had erroneously advised employee that she did not have a claim for permanent partial disability and had recommended her acceptance of the proposed settlement. He testified that he settled the case "with the frame of mind that we had no claim for permanent partial disability because the injury was in April of 1973," and a letter from Peck to the compensation judge concerning the stipulation also revealed the writer's assumption that the payment provided by it was only for temporary total disability. Bellis also testified that since employee's medical expert assessed her permanent partial disability as ranging from 25% to 40%, he would never have recommended to employee that she accept the proposed settlement if he had been aware of the fact that her disability had been sustained in 1974 and was therefore compensable under § 176.101, subd. 3(40).

---

1. The claims relating to the extent of employee's permanent partial disability were sup-ported by medical reports incorporated by reference into the proposed settlement.

In spite of the uncontroverted fact that the stipulation and the award based thereon stated that employee had sustained her injury on April 23, 1973, and in spite of Bellis' testimony concerning the effect of his assumption that this was the true state of facts, Judges McCarthy, Rieke, and Otto held that granting employee's petition would not be in the interest of justice. The apparent basis for their holding was their view that the award on stipulation "is and was correct."

Our review of the evidence requires us to reject that conclusion as untenable. Instead, we are compelled to agree with Judge Pomush, who dissented on the ground that the award and the underlying settlement were based on an obviously material mutual mistake of fact in the erroneous statement that employee had sustained the injury on April 23, 1973. This mistake cannot reasonably be viewed as immaterial since it had the unforeseen consequence of foreclosing employee's then unrecognized right to compensation for permanent partial disability to her lungs.

We have characterized the discretion reposed in the court of appeals by Minn.Stat. §§ 176.461 and 176.521 (1978) as "instinct with considerable latitude," but not without limit. *Mattson v. Abate*, 279 Minn. 287, 292, 156 N.W.2d 738, 741 (1968). We have also recognized that the power to set aside awards is to be exercised to achieve the basic objective of assuring an injured employee compensation proportionate to the degree and duration of his or her disability. In light of that objective, we conclude that it was an abuse of discretion to deny employee's petition to vacate the award in this case. Consequently we reverse and remand for further proceedings.

Employee is awarded $200 attorneys fees in this court.

Reversed.