Peter J. HEINZ, Relator,

v.

VICKERMAN CONSTRUCTION, et al., Respondents.

No. 51898.

Supreme Court of Minnesota.

June 26, 1981.

Douglas B. Fink, St. Paul, for relator.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, and Gary M. Hagstrom, Minneapolis, for respondents.

Winston Ehlmann, Asst. Atty. Gen., St. Paul, amicus curiae.

OTIS, Justice.

Both employer and employee seek review of a decision of the Workers' Compensation Court of Appeals which, with one judge dissenting, affirmed an order issued by Compensation Counsel Jeffrey B. Nelson disapproving a proposed settlement of employee's claims for retraining benefits and, for a period of 5 years, for temporary partial, temporary total, and permanent total disability benefits. Although they urge that the decision should be reversed by reason of the presumption set forth in Minn. Stat. § 176.151, subd. 2 (1980), that settlements entered by parties represented by counsel are reasonable, fair and in conformity with the Workers' Compensation Act, our review of the record discloses sufficient evidence to overcome the presumption. Consequently, we affirm.

Employee sustained an admittedly compensable injury to his back on June 2, 1978, and received compensation for temporary

total, temporary partial, and a 17.5% permanent partial disability through voluntary payment and an award on stipulation approved on April 14, 1980. In August 1980, the parties sought approval of the settlement in issue here. That proposed settlement set forth employee's claim that he was entitled to additional temporary partial disability benefits and his expressed interest in a 4-year college education, the employer's denials that he was entitled to further disability benefits and that he was in need of retraining, and their agreement to a settlement foregoing completely claims for retraining benefits and foreclosing for 5 years from the date of approval of the settlement, claims for temporary total, temporary partial and permanent total disability upon the employer's payment of a lump sum of $27,-500. Mr. Nelson disapproved the settlement as not in accord with the Workers' Compensation Act because the Division of Vocational Rehabilitation had not been determined, pursuant to Minn.Stat. § 176.101, subd. 7 (1978), that employee was in need of retraining nor certified that retraining would significantly reduce or remove any reduction in employability caused by his injury.[1] The compensation counsel also based his disapproval on the fact that, in the absence of compliance with this statute, no genuine issue relating to retraining exists.

Employee appealed this determination to the Court of Appeals. In that court his counsel argued that in spite of the lack of certification by the Division of Vocational Rehabilitation employee had undergone testing and evaluation of his employment abilities and that the proposed lump sum settlement was in his best interest because he desired to try junior college but not to foreclose other options in case he received a good job offer before finishing his course and because he also desired financial protection if he were to accept such a job but discover he did not like it and then decide to try another. Employee testified that he was requesting the Court of Appeals to approve the settlement, understood its terms, and intended to enter a 2-year junior college course in computer training which he had decided upon after independently doing "a little research on where fields are open in the future." He also testified that he continued to have physical problems related to his injury and had been told by his doctor that he was "just going to have to live with the pain." The employer-insurer's counsel also urged approval of the settlement, arguing that it represented a compromise of genuine issues, the objections raised by the compensation counsel had been unduly technical, and employee was sufficiently protected because he was not in fact entitled to further temporary partial disability benefits—an issue we do not decide—and because any future medical expenses he might incur were not foreclosed.

After considering the proposed settlement, employee's testimony, and the arguments of counsel, the majority of the Court

1. Minn.Stat. § 176.101, subd. 7 (1978) (repealed 1979) provides:

   For any injury producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commissioner of the department of labor and industry shall require that the injured employee be promptly referred to the division of vocational rehabilitation, department of education, or other public or private, properly accredited agency, to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury.... If the evaluating agency certifies to the commissioner of the department of labor

   and industry that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of the department of labor and industry, compensation judge, or workers' compensation court of appeals, in cases upon appeal, determines the retraining is necessary and makes an order for such compensation; the employer shall pay up to 156 weeks of additional compensation during the actual period of retraining according to the schedule of compensation for temporary total disability and shall pay any other expense determined as reasonably necessary to restore former earning capacity by the commissioner of labor and industry after consultation with the division of vocational rehabilitation to rehabilitate the employee.

of Appeals affirmed the disapproval of the settlement, concluding that it was not in substantial accord with the provisions and purposes of the Workers' Compensation Act in view of the seriousness of employee's injury and his ongoing difficulties, his lack of vocational guidance in selection of the computer course, his indecisiveness about his future goals, and the fact that the settlement would close out completely any further claim for retraining and would close out for 5 years the claims for disability benefits. Dissenting, Judge McCarthy stressed the facts that employee was represented by counsel and was 28 years old and a person of considerable experience. In his view the Court of Appeals did not have authority to interfere with the parties' right to make the settlement.

In this court both employer and employee argue that the Court of Appeals abused its discretion in disapproving the settlement because of the presumption, set forth in Minn.Stat. § 176.521, subd. 2 (1980), that "[a] settlement agreement where both the employee or his dependent and the employer or insurer and intervenors in the matter are represented by an attorney shall be presumed to be reasonable, fair, and in conformity with this chapter." They contend that the presumption can be displaced only by substantial evidence. The presumption, which was added by Minn.Laws 1979, ch. 271, § 1, must be construed as part of the entire provision to which it was appended. The balance of section 176.521, subd. 2, provides:

> Subd. 2. Settlements shall be approved only where the terms conform with this chapter.
>
> The division and the workers' compensation court of appeals shall exercise discretion in approving or disapproving a proposed settlement.
>
> The parties to the agreement of settlement have the burden of proving that the settlement is reasonable, fair, and in conformity with this chapter. . . .

In light of the discretion vested in the Workers' Compensation Division and the Court of Appeals, and the burden which the parties still retain of proving that the settlement is reasonable, fair, and in conformity with the Workers' Compensation Act, we hold that the presumption may be overcome when the proposed settlement is in fact not in conformity with the provisions and purposes of the act, or when the Court of Appeals can reasonably conclude from the terms of the settlement and the other evidence that the settlement is more likely than not to be opposed to the best interests of the employee.

With the presumption in mind, we recognize and have considered the arguments which militate in favor of reversal. Among them, as Judge McCarthy pointed out, employee is an adult with considerable experience, who had entered a prior settlement arising out of his injury, and was represented by counsel. Furthermore, settlements avoid litigation, with resulting economies in time and expense, and are ordinarily encouraged as in the best interests of the parties. By reason of the presumption, the settlement, if approved, could be set aside only if the presumption is overcome at a later date.

Nevertheless, we have concluded that the terms of the settlement and the circumstances disclosed by the record permit a determination that the presumption has been overcome and that the requirements of section 176.101, subd. 7 (1978) have not been met. Employee has had no real vocational guidance and seems to have no defined and fixed goals with respect either to retraining or to employment. In light of the record, the conclusion of the majority of the Court of Appeals that the settlement was not consistent with the provisions and purposes of the Workers' Compensation Act and was not reasonable and fair must be sustained.[2]

Affirmed.

---

2. We have reached this conclusion without reference to reports, obtained by both employee and employer, with respect to employee's potential employment and retraining prospects because these reports, although furnished to this court, were apparently not made available

either to the compensation counsel nor to the Court of Appeals. In any event, the reports fully support the decision disapproving the settlement. They reveal that in October 1979 employee was chemically dependent and needed treatment for that condition before structured vocational guidance and planning could be attempted, and that by January 31, 1980, employee, although participating in an outpatient chemical dependency program, was still residing with chemically dependent friends, was confused about his vocational goals, and admitted that he was often not motivated and would find study and testing difficult. These reports, if they had been furnished to the Court of Appeals, clearly would have further supported its decision to disapprove the proposed settlement.