Wallace **NAPPER**, Respondent,

v.

**BOISE CASCADE CORPORATION,**
Self-insured, Relator.

No. C1–83–927.

Supreme Court of Minnesota.

May 18, 1984.

82

Michael C. Jackman, Bloomington, for relator.

Michael Jaksa, International Falls, for respondent.

KELLEY, Justice.

At issue in this case is whether the Workers' Compensation Court of Appeals (Compensation Court) abused its considerable discretion in denying an employer's petition to vacate an award on stipulation. We have concluded that it did.

On May 11, 1981, employee slipped at work and sustained a lumbosacral strain which he claimed resulted in a 10 percent permanent partial disability of the spine. The employer denied that employee had more than a 5 percent permanent partial disability and contended that this disability antedated the 1981 injury. The parties compromised their claims with a proposed settlement under which the employer would pay and employee would accept $6,407 as compensation for a 7½ percent

permanent partial disability, the payment to foreclose employee's claim for a 10 percent disability. Incorporated into their stipulation were reports from Dr. Michael Carney, employee's treating chiropractor, and Dr. J.C. Brandt, a chiropractor who examined employee on behalf of the employer in October 1982. Dr. Carney's report stated that employee had "a well healed lumbosacral strain" and an "asymptomatic cervical myofascitis," and that he "has a 5% permanent-partial disability of the lumbosacral spine and a 5% permanent-partial disability of the cervical spine as of August 10, 1982." Dr. Brandt's report expressed the opinions that employee's 1981 work injury had probably been a lumbosacral strain, which had "long since been resolved," and that he has a 5 percent permanent partial disability of the spine which preceded that injury.

The compensation judge to whom the parties submitted the stipulation for settlement in April 1983 approved it and filed an award based thereon on May 10, 1983. Less than a month later, and before it had made the payment directed by the award, the employer filed a petition to vacate the award alleging that in 1974 an award on stipulation had paid employee compensation for a 10 percent permanent partial disability of the back to foreclose his claim for a 15 percent permanent partial disability which employee claimed had resulted from a number of work injuries sustained between 1957 and 1972. Because employee had been paid for a 10 percent permanent partial disability of the back pursuant to that 1974 award, the employer contended that he was not entitled to be paid for his present claim of a 10 percent permanent partial disability.

The majority of the compensation court rejected that argument, considering instead that employee's earlier claim and his present one were "separate and deal with compromises of disputes existing at different times dealing with different claims based upon different events," and noting also that no party had concealed any facts. The dissenting judge felt that the 1983

stipulation and award were the result of mistake because the 1974 award had foreclosed employee from later seeking compensation for up to 15 percent permanent partial disability of the back.

We do not agree that the 1974 award foreclosed employee from claiming that he has sustained a 10 percent permanent partial disability as a consequence of the 1981 injury. Nevertheless, we have concluded that the compensation court erred in rejecting the employer's claim that it entered into the stipulation on which the 1983 award was based because of mistake—its counsel's lack of knowledge that employee had been compensated earlier for a 10 percent permanent partial disability of the back. That knowledge would unquestionably have caused the employer's counsel to undertake a thorough scrutiny of the medical reports to determine whether either linked employee's present claim of permanent partial disability to his 1981 injury, and such a scrutiny could well have led to rejection of the proposed settlement. As stated, employee suffered a lumbosacral strain in May 1981 which both chiropractors considered well healed long before the settlement was entered. Dr. Carney assessed employee's permanent partial disability at 10 percent in August 1982, but apportioned only half of that disability to employee's lumbosacral spine. Significantly, Dr. Carney did not expressly state that any part of the disability had been caused by the May 1981 injury. Had counsel been aware of the earlier injuries, stipulation and award while reviewing the medical reports, he would certainly have made further inquiry about the opinions expressed by Dr. Carney. Thus, the making of the settlement and the entry of the award based thereon appear to have been due to the mistaken assumption of the employer's counsel that prior to the 1981 injury employee had sustained no permanent partial disability of the back.

We have long recognized that mistake may be "cause" within the meaning of Minn.Stat. § 176.461 (1982) for vacation of a compensation award. We have also rec-

ognized that the compensation court has broad, although not unlimited discretion, in deciding whether or not to vacate an award, and that its primary objective when faced with this issue is " 'to assure a compensation proportionate to the degree and duration of disability.' " *Maurer v. Braun's Locker Plant*, 298 N.W.2d 439, 441 (Minn.1980) (quoting *Eigen v. Food Producers, Inc.*, 308 Minn. 435, 240 N.W.2d 559 (1976); *Elsenpeter v. Potvin*, 213 Minn. 129, 5 N.W.2d 499 (1942)). That objective would of course be defeated by an award compensating employee for a disability unrelated to the 1981 injury. In light of that fact, and the lack of a showing that employee's claimed disability is related to the 1981 injury, we have concluded that the compensation court did abuse its considerable discretion in refusing to vacate the 1983 award.

We reject employee's claim that, even if mistake exists because the employer's counsel was unaware of the prior settlement and award, a unilateral mistake does not furnish ground for vacation of an award. It is true that we reversed the Compensation Court's refusal to vacate an award based on mutual mistake of fact in *Heath v. Airtex Industries*, 297 N.W.2d 269 (Minn.1980), but we did not require such mutual mistake as a basis of decision. At other times, when the primary objective of assuring compensation proportionate to an employee's disability would otherwise be thwarted, we have affirmed decisions vacating awards although mutual mistake, strictly speaking, was not present. *E.g.*, *Mattson v. Abate*, 279 Minn. 287, 156 N.W.2d 738 (1968); *Walker v. Midwest Foods*, 293 Minn. 460, 197 N.W.2d 430 (1972); *Alexander v. Kenneth R. LaLonde Enterprises*, 288 N.W.2d 18 (Minn.1980).

Reversed.