350 N.W.2d 349 (1984)
Lawrence KREBSBACH, Respondent,
v.
LAKE LILLIAN COOPERATIVE CREAMERY ASSOCIATION, et al., Relators.
Mary Ann LEWIS, Respondent,
v.
GOLDBERGER FOODS, INC., and Liberty Mutual Insurance Company, Relators.
Nos. C8-83-441, C4-83-534.
Supreme Court of Minnesota.
June 15, 1984.
*350 James R. Waldhauser, Minneapolis, for Lake Lillian Cooperative Creamery Ass'n et al.
William M. Bradt, St. Paul for Goldberger Foods, Inc. and Liberty Mutual Ins. Co.
Donald E. Bruce, Willmar, for Krebsbach.
*351 John L. Weyland, Brooklyn Park, for Lewis.
Considered and decided by the court en banc without oral argument.

OPINION
AMDAHL, Chief Justice.
Minnesota statutes section 176.521 (1982) governs the settlement of claims made under the Workers' Compensation Act, Minnesota Statutes chapter 176. Subdivision 2 of Minn.Stat. § 176.521 (1982) provides as follows:
Settlements shall be approved only where the terms conform with this chapter.
The division, a compensation judge, the workers' compensation court of appeals, and the district court shall exercise discretion in approving or disapproving a proposed settlement.

The parties to the agreement of settlement have the burden of proving that the settlement is reasonable, fair, and in conformity with this chapter. A settlement agreement where both the employee or his dependent and the employer or insurer and intervenors in the matter are represented by an attorney shall be conclusively presumed to be reasonable, fair, and in conformity with this chapter.
(Emphasis added). In 1979, the Minnesota Legislature added the presumption that a settlement approved under Minn.Stat. § 176.521, subd. 2, was "reasonable, fair, and in conformity with chapter 176." See Act of May 30, 1979, ch. 271, § 1, 1979 Minn.Laws 592 (amending Minn.Stat. § 176.521, subd. 2 (1978)). Then in the third special session of the 1981 legislature, the presumption was made conclusive. See Act of January 15, 1982, 1981 Third Special Session, Art. 1, ch. 2, § 25, 1982 Minn. Laws 43 (amending Minn.Stat. § 176.521, subd. 2 (1981 Supp.)).
These two cases, consolidated for appeal, require us to determine the effect of the legislature's 1981 amendment of Minn.Stat. § 176.521 (1982) on the authority of the Workers' Compensation Court of Appeals to vacate settlements entered into pursuant to Minn.Stat. § 176.521 (1982).
On May 7, 1979, Lawrence Krebsbach suffered an injury to his lower back that arose out of and in the course of his employment at the Lake Lillian Cooperative Creamery. Krebsbach received temporary total disability and medical expenses from May 16, 1979, until May 14, 1981, when his employer and the employer's insurer discontinued benefits. Benefits were discontinued because Krebsbach allegedly failed to make a reasonably diligent effort to find work and was capable of gainful employment within certain physical limitations.
In June 1981, Krebsbach filed an objection to the discontinuance of his benefits. A hearing was held, and on March 1, 1982, prior to a decision, the parties, each represented by an attorney, agreed to a stipulated settlement. The workers' compensation judge approved the settlement and on March 25, 1982, an award on stipulation was served and filed. Apparently no transcript of the hearing was prepared and the compensation judge did not make any specific findings because of the settlement. The settlement provided Krebsbach with $8,500 and future medical expenses for waiver of any and all claims under the Act.
Approximately 6 months later, on October 4, 1982, Krebsbach petitioned the Workers' Compensation Court of Appeals (WCCA) to vacate the award on stipulation. In his petition to vacate, Krebsbach alleged, that new evidence had been discovered and that his medical condition had substantially worsened.
In the hearing before the WCCA, Krebsbach presented evidence that his permanent partial disability of the back was greater than the 17.5% disability previously determined by his treating physician, Dr. Bromer. Additionally, Dr. Bromer opined that Krebsbach was totally disabled because of the change in his condition and his lack of education.
The WCCA granted Krebsbach's petition to vacate on March 8, 1983. The WCCA, however, vacated the award because it *352 "was not reasonable, fair and in conformity with the provisions of Minn.Stat. Chapter 176 (1982)." We affirm.
On June 27, 1978, Mary Ann Lewis suffered a personal injury to her neck that arose out of and in the course of her employment as a meatcutter for Goldberger Foods. Lewis received temporary total disability benefits from June 28, 1978, through January 14, 1980, together with medical expenses. Lewis also alleged that she suffered an injury to her lower back on January 9, 1978, and that the combined effect of both injuries resulted in a 20% permanent partial disability to her back. Relator Goldberger denies that Lewis' back was injured and that she suffers from any permanent disability. Lewis' benefits were discontinued on January 14, 1980, and she filed an objection to the discontinuance. The case was repeatedly set for hearing and struck from the calendar.
Prior to a formal hearing to determine the disputed issues, Lewis and Goldberger Foods, each represented by an attorney, agreed to a stipulated settlement. Lewis accepted $5,000 as a full, final, and complete settlement of all her claims under the Workers' Compensation Act. The terms of the settlement incorporated several depositions that cast doubt on the validity of Lewis' claims. The record does contain evidence that Lewis was experiencing financial difficulties (eviction) and could lead to the inference that immediate financial pressures induced settlement. This settlement included "any and all claims for temporary total, temporary partial, permanent total, permanent partial, rehabilitation expenses, retraining expenses" or any other claim under the Act against Goldberger. On July 29, 1982, an award on stipulation was served and filed; the settlement was approved by a workers' compensation judge.
Approximately 6 months later, Lewis petitioned the WCCA to reopen her claim. Lewis alleged that the award on stipulation was grossly inadequate and that she remained temporarily totally disabled. The petition to reopen was based upon Minn. Stat. § 176.461 (1982).[1]
Subsequent to a March 1, 1983, hearing, the WCCA granted Lewis' petition to reopen her claim. The WCCA held the settlement was "not reasonable, fair and in conformity with the provisions of Minn.Stat. Chapter 176 (1982)." The petition to reopen was granted on March 24, 1983, and the WCCA held that their decision in Krebsbach governed the Lewis case. Although the petition to reopen was based on Minn. Stat. § 176.461 (1982), Lewis did not allege fraud, mistake, newly discovered evidence, or a substantial change in her medical condition. The WCCA based its decision solely on the fact that Lewis "demonstrated a prima facie case that the stipulation was not fair and reasonable." We reverse and remand for findings in accordance with this opinion.
Minn.Stat. § 176.521, subd. 1 (1982),[2] validates any written agreement, *353 signed by both parties, purporting to compromise a workers' compensation claim. Subdivision 1 also requires approval of the settlement by a compensation judge, the WCCA or the district court if one of the settling parties is not represented by an attorney. Subdivision 2, supra, outlines the discretion of an approving authority to approve or disapprove a settlement governed by Minn.Stat. § 176.521 (1982). Basically subdivision 2 requires approval of a settlement and conclusively presumes the settlement to "be reasonable, fair and in conformity with" chapter 176 if both parties are represented by counsel. Subdivision 2a outlines the procedure to be followed for a settlement not requiring approval under subdivision 1. Finally, subdivision 3 provides:
Notwithstanding the provisions of section 176.521, subdivision 1, 2, or 2a, or any provision in the agreement of settlement to the contrary, upon the filing of a petition by any party to the settlement and after a hearing on the petition, the workers' compensation court of appeals may set aside an award made upon a settlement, pursuant to this chapter. In those cases, the workers' compensation court of appeals shall refer the matter to the chief hearing examiner for assignment to a compensation judge for hearing.
Minn.Stat. § 176.521, subd. 3 (1983 Supp.)
The 1983 amendments to the Workers' Compensation Act did not change the impact of subdivision 3 of Minn.Stat. § 176.521 (1982) in substance. The WCCA is authorized to set aside an award made upon a settlement "notwithstanding * * * any provision in the agreement * * * to the contrary." Id. Presumably, an award made upon a settlement must be set aside under the provisions of Minn.Stat. § 176.461 (1982), which governs the setting aside of an award.
It is instructive and helpful to analyze cases decided prior to 1981 that concern the WCCA's authority under Minn.Stat. § 176.521, subd. 2. These cases and the relationship between Minn.Stat. § 176.521 and Minn.Stat. § 176.461 will be discussed prior to examining the effect of the 1981 conclusive presumption.
Wollschlager v. Standard Construction Co., 300 Minn. 550, 220 N.W.2d 346 (1974) (per curiam), decided whether the Workmen's Compensation Commission abused its discretion by vacating an earlier award based upon a settlement. Wollschlager held that the appropriate test was identical to that used in deciding whether to set aside any award. 300 Minn. at 551, 220 N.W.2d at 346. Consequently, the WCCA's authority under Minn.Stat. § 176.521, subd. 2 (1982), is no greater than its authority under Minn.Stat. § 176.461 (1982) and with respect to settlements under Minn.Stat. § 176.521, both provisions operate in tandem.
The WCCA can only set aside an award of any type with good cause. Good cause for setting aside an award exists if:
(1) The award was based on fraud;
(2) The award was based on mistake;
(3) There is newly discovered evidence; or
(4) There is a substantial change in the employee's condition.
Wollschlager, 300 Minn. at 551, 220 N.W.2d at 346. See also Turner v. Federal Reserve Bank of Minneapolis, 298 Minn. 161, 167, 213 N.W.2d 414, 418 (1973) (per curiam); Walker v. Midwest Foods, 293 Minn. 460, 463-64, 197 N.W.2d 430, 431-33 (1972) (per curiam).
Under Minn.Stat. § 176.461 and Minn.Stat. § 176.521, subd. 3, "the basic concern in determining whether sufficient cause exists to set aside an award is to assure a compensation proportionate to the *354 degree and duration of disability." Landon v. Donovan Construction Co., 270 N.W.2d 15, 16 (Minn.1978) (per curiam). See also Eigen v. Food Producers, Inc., 308 Minn. 435, 435, 240 N.W.2d 559, 560 (1976) (per curiam); Bohnhoff v. Allan Engineering Co., 304 Minn. 587, 588, 231 N.W.2d 554, 555 (1975) (per curiam). This basic concern together with the nature of the four types of good cause indicate that fairness is the overriding principle.
The WCCA is accorded wide discretion in determining whether to vacate an award. Saenger v. Liberty Carton Co., 316 N.W.2d 737, 739 (Minn.1982); Bennett v. Hoiseth Motor Sales, 302 Minn. 534, 535, 224 N.W.2d 148, 149 (1974) (per curiam); cf. Heinz v. Vickerman Construction, 306 N.W.2d 888, 890 (Minn.1981) (even with presumption added in 1979 WCCA has considerable discretion). This discretion has been characterized as "instinct with considerable latitude." Bennett, supra, quoting Mattson v. Abate, 279 Minn. 287, 292, 156 N.W.2d 738, 741 (1968). The discretion, however, is not unlimited. Maurer v. Braun's Locker Plant, 298 N.W.2d 439, 441 (Minn.1980). See also Lubinski v. Bros, Inc., 270 N.W.2d 874, 876 (Minn. 1978). "[S]ome caution should be exercised in vacating settlement awards so as to encourage employer-insurers to settle claims." Maurer, 298 N.W.2d at 441.
In Heinz, 306 N.W.2d 888 (Minn.1981), the employee and employer agreed upon the settlement of a workers' compensation claim. The settlement was disapproved by the presiding workers' compensation judge because he found that the employee had not been properly counseled with respect to vocational guidance. 306 N.W.2d at 889. The WCCA considered the proposed settlement and other evidence and then affirmed the disapproval of the settlement. Id. at 889-90. Both the employee and the employer appealed to this court arguing that the WCCA abused its discretion because of the presumption in Minn.Stat. § 176.521, subd. 2 (1980). The employer and employee both asserted that the presumption could only be displaced by substantial evidence. Subdivision 2 did not contain a conclusive presumption when this court decided Heinz; nevertheless our perception of the presumption then existing is helpful.
In affirming the WCCA, this court held that the presumption may be overcome when the proposed settlement is in fact not in conformity with the provisions and purposes of the act, or when the Court of Appeals can reasonably conclude from the terms of the settlement and the other evidence that the settlement is more likely than not to be opposed to the best interests of the employee.
Id. at 890. Under Heinz and the 1980 version of Minn.Stat. § 176.521, subd. 2, the WCCA's ruling was correct in the instant cases. The conclusive presumption added to subdivision 2 in 1981, however, appears to be a legislative response to Heinz and therefore the authority and discretion vested in the WCCA by the Heinz holding may be diluted.
The Heinz decision stated that the presumption must be construed concomitantly with the discretion allowed the division and the WCCA and with the requirement that the settlement conform with chapter 176. Heinz, 306 N.W.2d at 890. Section 176.521, subd. 2 (1982), still retains the language relied on in Heinz. A burden still exists on the parties to prove that the settlement "is reasonable, fair, and in conformity with" the chapter. Minn.Stat. § 176.521, subd. 2 (1982). The statutory grant of discretion is unchanged. See id. Section 176.521, subd. 2 (1982), also requires settlements to conform to chapter 176. The retention of this language militates against construing the conclusive presumption in a vacuum.[3] Moreover, construing the presumption literally, as the *355 relators urge this court to do, eviscerates Minn.Stat. § 176.521, subd. 3 (1982), of all meaning. Consequently, the conclusiveness of the presumption is tempered, at a minimum, by the authority of the WCCA under Minn.Stat. §§ 176.461 and 176.521, subd. 3, to vacate a settlement for good cause.
The relators in these cases argue that the conclusive presumption in Minn.Stat. § 176.521, subd. 2 (1982), precludes the WCCA from vacating a settlement on the grounds that the settlement is not fair and reasonable. The relators' argument is grounded on three assertions. First, the WCCA cannot circumvent the clear and express legislative intent of the conclusive presumption. Second, relators claim there is an obvious lack of evidence that justifies the vacation of the awards. Finally, this court's affirmance of the WCCA would create uncertainty and chaos in the settlement process.
The respondents' argument is simple. The conclusive presumption contained in Minn.Stat. § 176.521, subd. 2 (1982), applies only to the approving body; to construe the presumption to apply to a reviewing authority (as opposed to an approving body under Minn.Stat. § 176.521, subd. 1 (1982)), would render Minn.Stat. § 176.521, subd. 3 (1982), meaningless.[4] We find the respondents' argument persuasive, and hold that the conclusive presumption contained in Minn.Stat. § 176.521, subd. 2 (1982 & Supp.1983), applies only to an approving body as defined in Minn.Stat. § 176.521, subd. 1 (1982). The conclusive presumption does not impair the authority of the WCCA to vacate a settlement for good cause under Minn.Stat. §§ 176.461, 521, subd. 3 (1982 & Supp.1983).
Although the WCCA expressly found both settlements in the instant cases to be unfair, unreasonable, and not in conformity with chapter 176, their decisions do not reveal the basis for their findings. In Krebsbach the employee/respondent produced evidence that at least makes out a prima facie case that his condition had changed. There are no allegations or evidence in the record or decision in the Lewis case that support a finding of any of the four types of good cause.
We therefore hold that the WCCA's vacation of the Krebsbach settlement was proper and in accordance with the provisions of Minn.Stat. §§ 176.461, .521 (1982 & Supp.1983). With respect to Lewis we reverse and remand for a consideration of whether good cause exists for setting aside the award.
NOTES
[1] Section 176.461 (1982) provides:

Except where a writ of certiorari has been issued by the supreme court and the matter is still pending in that court or where as a matter of law the determination of the supreme court cannot be subsequently modified, the workers' compensation court of appeals, for cause, at any time after an award, upon application of either party and not less than five days after written notice to all interested parties, may set the award aside and grant a new hearing and refer the matter for a determination on its merits to the chief hearing examiner for assignment to a compensation judge, who shall make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings and the evidence produced and the provisions of this chapter shall require.
This section was amended by the 1983 legislature, but the amendments are only technical and do not affect the substantive provisions of Minn.Stat. § 176.461 (1982). See Act of June 7, 1983, ch. 290, § 155, 1983 Minn.Laws 1393 (amending Minn.Stat. § 176.461 (1982)).
[2] Subdivision 1 of Minn.Stat. § 176.521 (1982) provides:

An agreement between an employee or his dependent and the employer or insurer to settle any claim, which is not upon appeal before the workers' compensation court of appeals, for compensation under this chapter is valid where it has been executed in writing and signed by the parties and intervenors in the matter, and, where one or more of the parties is not represented by an attorney, the division or a compensation judge has approved the settlement and made an award thereon. If the matter is upon appeal before the workers' compensation court of appeals or district court, the workers' compensation court of appeals or district court is the approving body.
[3] To construe the conclusive presumption as binding on the Workers' Compensation Court of Appeals may create an unconstitutional irrebuttable presumption. Because we hold that the Workers' Compensation Court of Appeals may still vacate a settlement upon a showing of good cause, we do not need to address the irrebuttable presumption issue. Our construction of the presumption renders it rebuttable  a device that merely shifts the evidentiary burden.
[4] It is important to note that the WCCA can be both an approving body and a reviewing authority under our reading of Minn.Stat. § 176.521, subds. 1, 2 (1982). For example, after a hearing and prior to an appeal, parties to a suit may reach a settlement; in such a case, the WCCA would be the approving body. Six months later, the employee's medical condition could substantially change and upon a petition to set aside the award under Minn.Stat. §§ 176.461, .521, subd. 3 (1983 Supp.) the WCCA would be the reviewing authority.