**Robert LaVALLE, deceased, by Darlene LaVALLE, Respondent,**

**v.**

**CITY OF CIRCLE PINES and Western National Mutual Insurance Company, Relators,**

**New England Mutual Life Insurance Company, Intervenor.**

No. C9–84–796.

Supreme Court of Minnesota.

Dec. 7, 1984.

Rehearing Denied Jan. 11, 1985.

Jeffrey B. Nelson, Minneapolis, for relators.

Michale C. Jackman, Minneapolis, for La-Valle.

Mary H. Terzino, Minneapolis, for intervenor.

KELLEY, Justice.

Relators, the City of Circle Pines and its compensation carrier, seek review of a decision of a Workers' Compensation Court of Appeals panel denying their petition to vacate an award of dependency compensation so that an error in coordination of the Social Security benefits being received by employees' minor children and the workers' compensation dependency compensation allocated to them can be corrected. The three-member panel agreed that the petition should be denied, but offered differing reasons for not reaching the merits of the matter. Our examination both of those reasons and of the entire record convinces us that denial of the petition was an abuse of the discretion vested in that court by Minn.Stat. § 176.461 (Supp.1983).

The dependency claim arose out of the death of Robert LaValle, the chief of the city's volunteer fire department. Mr. La-Valle suffered a fatal heart attack on November 1, 1980, while responding to a fire call, and following a hearing on the claim a compensation judge found his death compensable. The compensation judge also found that the employee's widow had received "mother's benefits" from the Federal Government which were not subject to coordination with workers' compensation benefits and that the children had received Social Security benefits which were subject to such coordination pursuant to Minn.Stat. § 176.111, subds. 10 and 21 (1980). As the schedule of compensation payments which is part of his decision makes clear, he did not include the mother's benefits in the amount of Social Security received by the children although *Redland v. Nelson's Quality Eggs, Inc.*, 291 N.W.2d 371 (Minn. 1980) had held that mother's benefits received by a widow for the benefit of minor children are to be included in the government survivor benefits the children receive.

Relators appealed the decision to the Court of Appeals, but challenged only the findings of causal relationship and the computation of Mr. LaValle's weekly wage. However, after filing and dismissing an appeal to this court, they filed a petition to vacate the award on the ground they had discovered that the compensation judge committed an error of law in calculating the dependency compensation to the children. With the petition were submitted a payment schedule allegedly in conformance with the computation approved in *Redland* and an affidavit in which relators' counsel averred that "in the best interest of justice" the Court of Appeals should vacate the compensation judge's decision relating to the payment of dependency benefits and adopt instead relators' payment schedule.

Two members of the reviewing panel concluded that they did not have power to vacate the award in the interest of justice.

The third member of the panel rejected the petition as a collateral attack on the decision which he would not consider because relators had failed to raise the issue on their appeal. He also objected that the petition was conclusory and that relators had advanced no proof that the schedule they submitted was accurate.

In our view these reasons do not justify denial of the petition. It is well established that Minn.Stat. § 176.461 (Supp.1983) empowers the Workers' Compensation Court of Appeals to set aside an award for "cause," which this court has repeatedly held includes fraud, mistake, newly discovered evidence, and substantial change of the employee's condition. *Krebsbach v. Lake Lillian Cooperative Creamery Ass'n.*, 350 N.W.2d 349, 353 (Minn.1984). Examination of the petition and its supporting documents makes it clear that, even though the petition did not use the word, relators were claiming mistake, not discovered earlier by either the parties or the compensation judge, which had resulted in a substantial overpayment of the dependency benefits to employee's children. Thus, it clearly stated a recognized ground for relief. It remains true that the Court of Appeals is vested with discretion in determining whether or not to set aside an award on any of the grounds constituting "cause," but we have recognized that the basic statutory objective for which discretion is vested in that court to set aside an award to an injured employee is to assure a compensation proportionate to the degree and duration of disability. *Napper v. Boise Cascade Corp.*, 348 N.W.2d 81, 83 (Minn.1984). Although this case involves dependency benefits, a similar objective—assuring that dependents receive the amount of compensation to which they are entitled under the Workers' Compensation Act, but not more nor less—and the fact they will receive substantial overpayments if the mistake is not corrected requires us to conclude that denial of the petition to vacate the decision and correct the mistake was an abuse of discretion.

Our decision makes it unnecessary to discuss the reasons advanced by the third member of the Court of Appeals for refusing to consider the matter on the merits. However, we do not agree that the petition constituted a prohibited collateral attack on the compensation judge's decision. Minn.Stat. § 176.461 (Supp.1983) expressly provides that, with exceptions not applicable here, the Court of Appeals may set aside an award for cause "at any time." We agree that the petition itself could have more clearly set forth the claimed error of law, but that is made clear by comparison of relators' proposed payment schedule with the compensation judge's schedule. Finally, we do not determine that the proposed schedule is accurate, and the Court of Appeals is not required to adopt it.

The decision denying the petition to vacate is reversed and the matter is remanded for correct calculation of the dependency benefits due employee's children based on inclusion of the mother's benefits in the amount of government survivor benefits received by the children and subject to coordination with the dependency compensation allocated to them.

Reversed and remanded.