**Anthony D. DOBLE, Relator,**

v.

**JESCO, INC. and Crum & Forster Insurance Companies, Respondents.**

**No. CX–94–16.**

Supreme Court of Minnesota.

April 1, 1994.

Rehearing Denied May 4, 1994.

Sally S. Spector, Edina, for relator.

Robert V. Daly, Jr., Nancy E. Lamo, Bloomington, for respondent.

## OPINION

PAGE, Justice.

The Workers' Compensation Court of Appeals reversed an award of temporary partial compensation. We reverse and remand.

Anthony Doble sustained a compensable left ankle injury on January 11, 1990, while employed by Jesco, Inc. as a construction laborer. He eventually returned to work for Jesco; but in July 1991, Jesco laid off a "lot of" workers, including Doble, for economic reasons. Through rehabilitation efforts, Doble found permanent work at Advantek, Inc. in Eden Prairie, at a reduced wage. The compensation judge ordered payment of temporary partial benefits calculated on the difference between Doble's pre-injury wages at Jesco and his post-injury wages at Advantek. Jesco/Crum & Forster appealed to the WCCA, challenging the findings pertaining to pre-injury and post-injury wages. Doble's counsel acknowledged there had been a mistake as to pre-injury wages, and he also asked to have the matter remanded for additional evidence pertaining to post-injury wages. The WCCA reversed the award of benefits and denied the request for a remand, deciding "that it would establish an extremely bad precedent to permit any litigant to reopen or retry a case by presenting additional evidence which they failed to present at the original hearing." *Doble v. Jesco, Inc.*, —— Workers' Comp. Dec. —— (WCCA, filed December 6, 1994).

The WCCA has discretion to remand a matter for further proceedings. *Bergeson v. U.S. Fidelity and Guar. Co.*, 414 N.W.2d 724, 729 (Minn.1987); Minn.Stat. § 176.421, subd. 6(5) (1992). In addition, where the primary purpose of the Act is to assure compensation proportionate to an employee's disability, a party may petition the WCCA, at any time, for modification of an award based on a mistake in computation. *See, e.g., LaValle v. City of Circle Pines*, 358 N.W.2d 652 (Minn.1985); Minn.Stat. § 176.-461 (1992). Certainly the concerns of the

WCCA as to piecemeal litigation are understandable; but in this case, where a recalculation of the compensation award is necessary in that the original award was based on a mistake in the pre-injury wage, there seems to be no significant burden on the system or undue delay in allowing the new calculation to be made on additional evidence as to post-injury wages. Where the evidence is neither conclusive nor satisfactory, a remand may be appropriate. *E.g., Mitchell v. White Castle Systems, Inc.*, 290 N.W.2d 753 (Minn.1980); *Schulte v. C.H. Peterson Construction Co.*, 278 Minn. 79, 153 N.W.2d 130 (1967). Therefore, we reverse the decision of the WCCA and remand the matter to the Office of Administrative Hearings for further proceedings.

Reversed and remanded.