**Leonard WEAVER, Sr., Relator,**

v.

**MINNEAPOLIS STAR & TRIBUNE
and Employers Insurance of
Wausau, Respondents.**

No. C7–97–439.

Supreme Court of Minnesota.

Aug. 14, 1997.

Leonard Weaver, Jackson, MS, for appellant.

Deborah E. Kulinski, Minneapolis, for respondents.

## OPINION

PER CURIAM.

This case comes to us on certiorari for review of a decision of the Workers' Compensation Court of Appeals (WCCA) denying the petition of relator Leonard Weaver, Sr. to vacate an award on stipulation. We affirm.

Leonard Weaver, Sr. sustained a compensable injury on October 24, 1970, while employed by the Minneapolis Star & Tribune. The employer and its workers' compensation liability insurer paid various benefits, including temporary total disability benefits and permanent partial disability benefits. In 1972, a dispute over Weaver's claim for continuing temporary total benefits was resolved in his favor, and benefits continued through November 6, 1972. Weaver's second claim for temporary total disability benefits, however, was denied by a compensation judge by decision and order of August 7, 1973, and the Workers' Compensation Commission affirmed on appeal.

On March 20, 1978, Weaver filed a petition to vacate the 1973 compensation judge's decision on grounds of substantial change in condition. Weaver also alleged that the compensation judge had exceeded his authority in making certain statements in his decision and based the denial of benefits on information outside the record. On May 25, 1978, the WCCA denied the petition, concluding (1) that there was insufficient showing of a change in condition related to the work accident, and (2) that the Commission's affirmance of the 1973 decision was not based on allegedly improper statements or information as documented by the record.

On February 26, 1979, Weaver, who was represented by legal counsel, and the employer/insurer entered into a settlement agreement, and an award on stipulation was filed on March 26, 1979. Weaver thereafter filed numerous petitions to vacate the 1973 decision and/or the 1979 award on stipulation, all of which were denied by the WCCA. Weaver sought review on certiorari following the denial of his petitions in 1994 and 1995, but the writs of certiorari were discharged because Weaver did not file briefs pursuant to Minn. R. Civ.App. P. 142.02. On August 20, 1996, Weaver filed a new petition to vacate the prior orders and decisions of the Office of Administrative Hearings and the WCCA as well as the 1979 award on stipulation on the basis of fraud. The WCCA denied the petition and this review on certiorari followed.

As a preliminary matter, Weaver settled all claims arising out of the work injury on a full, final, and complete basis in 1979. In that the effect of that settlement relieved the employer/insurer of additional liability unless

the 1979 award on stipulation is vacated, the dispositive issue is whether the WCCA abused its discretion in denying the petition to vacate the 1979 award on stipulation. Under the applicable law, the award on stipulation in this case may be vacated for cause on the following grounds: fraud, mistake, newly-discovered evidence or substantial change in the employee's condition. Minn.Stat. § 176.461 (1978); *Krebsbach v. Lake Lillian Coop. Creamery Ass'n,* 350 N.W.2d 349, 353 (Minn.1984). Weaver contends the award on stipulation was procured by fraud, asserting that the 1979 settlement agreement was the product of a conspiracy to deprive him of his benefits, and past allegations of fraud have included coercion and financial distress. As the WCCA has observed, unsupported averments of fraud or misconduct in connection with the 1979 settlement, made in the present as well as in the past petitions to set aside the 1979 award, are an insufficient showing of cause for setting aside the award. Having thoroughly reviewed the entire record in this matter, we cannot conclude that the WCCA abused its discretion in denying the petition to set aside the 1979 award on stipulation.

Affirmed.